UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CITY OF SYRACUSE,

                              **Plaintiff,**

              **v.**                                            5:00-CV-278
                                                                            (Lead)
AMERICAN UNDERGROUND ENGINEERING, INC.         5:99-CV-1127
and LONG MANAGEMENT, INC.                               (Member)
                                                                            (FJS/DEP)

                              **Defendants.**
_____

LONG MANAGEMENT, INC.,

                              **Third-Party Plaintiff,**

              **v.**

AMERICAN UNDERGROUND ENGINEERING, INC.,

                              **Third-Party Defendant.**
_____

AMERICAN UNDERGROUND ENGINEERING, INC.

                              **Fourth-Party Plaintiff,**

            **v.**

CITY OF SYRACUSE and JOHN P. STOPEN ENGINEERING,
P.C.,

                              **Fourth-Party Defendants.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **CAMARDO LAW FIRM P.C.**<br>127 Genesee Street<br>Auburn, New York 13021<br>Attorneys for American Underground<br>Engineering, Inc. | JOSEPH A. CAMARDO, JR., ESQ. |
| **SUGARMAN LAW FIRM, LLP**<br>360 South Warren Street<br>Syracuse, New York 13202-2680<br>Attorneys for John P. Stopen Engineering, P.C. | SANDRA L. HOLIHAN, ESQ. |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

There are two cases, which are now consolidated, that have a bearing on the Court's determination of this motion. The first of these cases, *Onondaga County Laborers' Health & Welfare, Pension, Annuity & Training Funds v. Long Mgmt., Inc.*, 99-CV-1127, was originally the lead case. *City of Syracuse v. Am. Underground Eng'g*, 00-CV-278, once the member case, is now the lead case. To add to the confusion, both cases involve third-party actions; and, in the case of Action No. 99-CV-1127, a fourth-party action. As a result of the consolidation of these cases, the Court has captioned this memorandum-decision and order with the remaining parties in the appropriate positions vis-a-vis each other.

Currently before the Court is John P. Stopen Engineering, P.C.'s ("Stopen Engineering") motion to dismiss the third-party claims that American Underground Engineering, Inc. ("AUE") asserted against it in Action No. 00-CV-278 for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Stopen Engineering argues that, although the Court granted in part and denied in part AUE's cross-motion to amend its third-party complaint in Action No. 00-CV-278 and instructed AUE to file its amended third-party complaint within twenty days of the date of its December 21, 2000 Order, AUE never filed an amended pleading. Therefore, Stopen Engineering argues that the Court should dismiss AUE's third-party claims because AUE abandoned those claims when it responded to Stopen Engineering's motion to dismiss them with a cross-motion seeking leave to serve an amended third-party complaint and then did not do so.

AUE opposes Stopen Engineering's motion, arguing that, although technically it may not have filed and served an "amended third-party complaint," it has substantially complied with the Court's December 21, 2000 Order by filing and serving a Revised Amended Answer, Counterclaim, and Fourth-Party Claim (hereinafter referred to as "fourth-party complaint") in Action No. 99-CV-1127. Furthermore, AUE asserts that Stopen Engineering seeks dismissal based on form over substance and ignores the receipt of the fourth-party complaint.

Although this consolidated action is procedurally confusing, the resolution of this motion is fairly straightforward.[1]

The Court has compared the third-party complaint in Action No. 00-CV-278, the one about which Stopen Engineering complains, with the fourth-party complaint in Action No. 99-CV-1127 and finds that these two documents are, in most respects, identical. As AUE notes in

---

[1] Much of the confusion stems from multiple changes in attorneys, including the relatively recent entry of current counsel for Stopen Engineering, and from the Court's original designation of Action No. 99-CV-1127 as the lead case and then, much later, its designation of Action No. 00-CV-278 as the lead case.

opposition to Stopen Engineering's motion to dismiss the third-party complaint in Action No. 00-CV-278, its fourth-party complaint in Action No. 99-CV-1127 eliminated the contribution claim against Stopen Engineering and included the indemnification claim against Stopen Engineering. *See* AUE's Memorandum of Law at 4.  By doing so, the fourth-party complaint in Action No. 99-CV-1127 cured the deficiencies that the Court had identified in the third-party complaint in Action No. 00-CV-278 when it dismissed AUE's claims against Stopen Engineering based upon contribution.

   The Court also notes that it has already addressed the issue of AUE's failure to prosecute its claims against the other parties in both Action No. 00-CV-278 and Action No. 99-CV-1127.  On March 12, 2004, the Court issued an Order to Show Cause why a default judgment should not be entered against AUE and Cotter (hereinafter referred to collectively as "AUE") on any claims asserted against them and to dismiss the fourth-party complaint for lack of prosecution on any claims that they had asserted against other parties in either Action No. 99-CV-1127 or Action No. 00-CV-278.  AUE responded to the Court's Order to Show Cause.  On April 6, 2004, the Court issued an Order instructing AUE's then-counsel to file a Notice of Appearance.  The Court also instructed all the parties who had incurred attorney's fees in either action because of AUE's failure to comply with the Court's December 20, 2002 Order regarding AUE's counsel's motion to withdraw to file statements of those fees.  Finally, the Court instructed AUE to file a letter brief setting forth the nature of its claims against the other parties and the defenses that the other parties asserted against it.

   On May 17, 2004, AUE filed its letter brief addressing its claims and the defenses to those claims.  On June 3, 2004, Stopen Engineering filed its response to AUE's letter brief.  On

September 30, 2004, the Court issued an Order awarding attorney's fees to, among others, Stopen Engineering and held AUE and Cotter jointly liable for those fees.

In light of the fact that AUE filed a brief setting forth its claims against Stopen Engineering and the other parties, it is difficult to fathom how Stopen Engineering can claim that AUE's failure to file an amended third-party complaint in Action No. 00-CV-278 has prejudiced it, particularly in light of the fact that AUE filed a fourth-party complaint in Action No. 99-CV-1127, which included the very same claims.

Therefore, after reviewing both the third-party complaint in Action No. 00-CV-278 and the fourth-party complaint in Action No. 99-CV-1127, the Court concludes that AUE has not abandoned the claims for indemnification that it originally pursued in its third-party complaint in Action No. 00-CV-278 and now pursues in its fourth-party complaint in Action No. 99-CV-1127.[2]

### III. CONCLUSION

Accordingly, after reviewing the entire file in this matter and the parties' submissions, and for the reasons stated herein, the Court hereby

**ORDERS** that Stopen Engineering's motion to dismiss AUE's third-party complaint

---

[2] The Court notes that the fact that AUE chose not to file an amended third-party complaint in Action No. 00-CV-278 does not indicate that AUE failed to prosecute its claims for indemnification against Stopen Engineering. To the contrary, the fact that AUE asserted those same claims in its fourth-party complaint in Action No. 99-CV-1127 evidences its intent to pursue those claims. Whether AUE asserts its claims for indemnification against Stopen Engineering in its third-party complaint or its fourth-party complaint is of no moment. The claims are identical; and, if AUE were to prevail on these claims, it could only recover once no matter in how many pleadings it asserted those claims.

against it in Action No. 00-CV-278 is **DENIED** as unnecessary; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Peebles for all further pretrial matters.[3]

**IT IS SO ORDERED.**

Dated: March 29, 2008
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[3] The Court is aware that AUE has filed a motion for partial summary judgment regarding its claims against the City of Syracuse. That motion does not involve Stopen Engineering. Once the Court has issued its decision regarding that motion, the parties should confer with Magistrate Judge Peebles to sort out what claims remain in this consolidated action and to resolve all further pretrial issues.