**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN UNDERGROUND ENGINEERING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SYRACUSE,<br><br>Defendant. | 5:00-cv-278 (FJS/DEP)<br>(Lead Case)<br><br>5:99-cv-1127(FJS/DEP)<br>(Member Case) |

# Memorandum of Law in support of Defendant City of Syracuse's Motion for a Stay Pending Appeal

**HANCOCK ESTABROOK, LLP**
John G. Powers, Esq. (No: 508934)
James P. Youngs, Esq. (No: 515029)
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Telephone: (315) 565-4500
Facsimile: (315) 565-4600

**CITY OF SYRACUSE CORPORATION COUNSEL**
Mary Ann Doherty, Esq. (No: 511188)
City Hall – Room 301
233 East Washington Street
Syracuse, New York 13202
Telephone: (315) 448-8400

*Attorneys for Defendant*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES .................................................. ii

PRELIMINARY STATEMENT .................................................. 1

ARGUMENT .................................................. 2

I. Because the City of Syracuse is a municipal entity, the Court should exercise its discretion to issue a stay of execution pending appeal *without* requirng a *supersedeas* bond.................................................. 2

CONCLUSION .................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*,
87 S. Ct. 1 (1966) (Harlan, J. – chambers memorandum) .......................... 6

*Campbell v. Rainbow City, Alabama*,
209 Fed. Appx. 873 (11th Cir. 2006) .......................... 4

*Cayuga Indian Nation of New York v. Pataki*,
188 F. Supp. 2d 223 (N.D.N.Y. 2002) .......................... 2, 3, 5

*DeKalb County School Dist. v J.W.M.*,
445 F. Supp. 2d 1371 (N.D. Ga. 2006) .......................... 4

*Dillon v City of Chicago*,
866 F2d 902 (7th Cir 1988) .......................... 4

*Frommert v Conkright*,
639 F. Supp. 2d 305 (W.D.N.Y. 2009) .......................... 6

*In re World Trade Center Disaster Cite Litig.*,
503 F.3d 167 (2d Cir. 2007) .......................... 5

*Munoz v City of Philadelphia*,
537 F. Supp. 2d 749 (E.D. Pa. 2008) .......................... 4

*Ortiz v. New York City Housing Authority*,
22 F. Supp. 2d 15 (E.D.N.Y. 1998) .......................... 3, 5

*River Oaks Marine, Inc. v. Town of Grand Island*,
1992 WL 406813 (W.D.N.Y. 1992) .......................... 3

*Staley v. Harris County, Texas*,
332 F. Supp. 2d 1041 (S.D. Tex. 2004) .......................... 4

*Texaco Inc. v. Pennzoil Co.*,
784 F.2d 1133 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1 (1987) .......................... 2, 3

*Trans World Airlines, Inc. v. Hughes*,
515 F.2d 173 (2d Cir. 1975) .......................... 2

### STATUTES

N.Y. General Municipal Law § 70 .......................... 6

Syracuse Rev. Ordinance § 6-102(1)(a)(4) .................................................................6

Syracuse Rev. Ordinance § 6-102(4)(c)(1) .................................................................6

**<u>OTHER AUTHORITIES</u>**

Fed. R. Civ. P. 62.......................................................................................... *passim*

N.D.N.Y. Local Rule 67.1 ......................................................................................2

## PRELIMINARY STATEMENT

Following an eight day jury trial, the jury found in favor of the Plaintiff, American Underground Engineering, Inc., on an equitable claim of rescission and awarded it $7,306,021.64 in *quantum meruit* damages. Thereafter, Defendant City of Syracuse (the "City") brought a series of post-trial motions, *see* Dkt. 117, seeking, among other things, a reduction and/or *remittitur* of the jury's award. By Memorandum Decision dated October 11, 2011, the Court granted the City's motion seeking a *remittitur*, in part, reducing the jury's award to $5,312,678.00, and denying the City's remaining motions. Dkt. 143. The Plaintiff accepted the *remittitur*. Dkt. 144. On October 13, 2011, the Court entered judgment in the amount of the reduced verdict (the "Judgment"). Dkt. 145. On October 27, 2011, the City filed a Notice of Appeal of the Judgment. Dkt. 146.

The City now requests an Order pursuant to Fed. R. Civ. P. 62 staying enforcement of the Judgment pending determination of its appeal by the Second Circuit Court of Appeals. In light of the City's status as a municipal entity, its unquestionable ability to satisfy the Judgment should its appeal fail, and the needless expense associated with securing a *supersedeas* bond, the City requests that the Court issue the stay without requiring the City to post a bond, as has been a practice observed by prior courts with respect to judgments entered against municipalities.

## ARGUMENT

### I. Because the City of Syracuse is a municipal entity, the Court should exercise its discretion to issue a stay of execution pending appeal *without* requiring a *supersedeas* bond

As a governmental entity, the City has the financial ability and legal obligation to satisfy the Judgment entered in this case, as well as any interest that accrues during the pendency of the City's appeal. Accordingly, the Plaintiff's interest in the Judgment is secure without the necessity of a *supersedeas* bond. The City therefore requests that the Court issue a stay of enforcement on the Judgment pursuant to Fed. R. Civ. P. 62(d) and waive the requirement that the City post a bond.

Pursuant to Fed. R. Civ. P. 62(d) and L.R. 67.1, execution on a judgment is automatically stayed pending an appeal where the appellant posts a *supersedeas* bond in the amount of the judgment, plus 11% to secure the availability of funds to possibly pay the Judgment and possible interest in the event that the appeal is unsuccessful. Nonetheless, this Court and the Second Circuit have long held that under certain circumstances, it is within the Court's discretion to issue an unsecured stay pending the outcome of an appeal and to waive the necessity of the security provided by a *supersedeas* bond. *See, e.g., Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 176 (2d Cir. 1975); *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1155-56 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1 (1987); *Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp. 2d 223, 254 (N.D.N.Y. 2002).

For example, while "[a] full supersedeas bond may be required where there is some reasonable likelihood of the judgment debtor's *inability* or *unwillingness* to satisfy the judgment[,]" where the Court is satisfied that the judgment creditor's ability to collect the judgment following appeal is reasonably secure, the Court may order a reduced bond or no bond at all. *Texaco*, 784 F.2d at 1155-56 (internal quotation omitted)(emphasis added); *Cayuga Indian Nation*, 188 F. Supp. 2d at 254 (when the judgment is very large, the posting of a bond would be expensive, and the judgment creditors' interest in ultimate recovery is not unduly endangered, the Court may rely on equitable principles to excuse the bonding requirement).

Courts have recognized that an appeal of a civil judgment against a municipality is one situation where it is appropriate to excuse the bond requirement under Rule 62(d). Municipal and governmental entities are uniquely capable of paying even very large judgments, and judgment debtors are sufficiently secured by the stability and budget authority of such entities so as to obviate the need for a *supersedeas* bond.

For example, in *Ortiz v. New York City Housing Authority*, 22 F. Supp. 2d 15, 40 (E.D.N.Y. 1998), the court granted the City Housing Authority's motion for stay of execution without requiring it to post a *supersedeas* bond. The court noted that the Housing Authority, as a government subdivision, had "ample means" to satisfy the judgment. Likewise, in *River Oaks Marine, Inc. v. Town of Grand Island*, No. 89–CV–1016S, 1992 WL 406813, at *2 (W.D.N.Y. Dec. 10, 1992) (attached hereto as Exhibit

"A") the court granted a stay without a *supersedeas* bond, pointing out that the Town was a municipal corporation with the ability to raise tax revenue to satisfy the judgment. In particular, the court explained that state law provided a specific mechanism by which the Town paid judgments against it. *Id.*

Federal courts in other jurisdictions have also held that municipal and government entities' inherent stability and ability to raise revenue are sufficient security to waive the posting of a *supersedeas* bond. For example, in *Dillon v City of Chicago*, 866 F2d 902, 905 (7th Cir. 1988), the Seventh Circuit held that in light of the city's showing that it had a clear procedure in place to pay judgments and its history of having satisfied prior judgments against it, a *supersedeas* bond was not necessary.

In *Munoz v City of Philadelphia*, 537 F. Supp. 2d 749, 751-52 (E.D. Pa. 2008), the court considered a declaration by the city's budget director outlining the city's budgeting process to appropriate funds to satisfy a judgment pending resolution of an appeal. The court could point to "no evidence that the City will either be unwilling or unable to pay the judgment at issue in a timely manner[,]" and concluded that because "the City of Philadelphia has sufficient funds to pay the . . . judgment[, t]o require a bond . . . would be a waste of taxpayers' money." *Id.*

The court in *DeKalb County School Dist. V. J.W.M.*, 445 F. Supp. 2d 1371, 1376 (N.D. Ga. 2006) reached the same conclusion, holding that the judgment creditor could not "seriously challenge" the school district's ability to

satisfy the judgment if it was affirmed on appeal.[1] *Cf. Campbell v. Rainbow City, Alabama*, 209 Fed. Appx. 873, 876 (11th Cir. 2006) (finding that the district court, had it been asked, would likely have waived the bond requirement because the judgment debtor was a "municipality with ample assets [and] little likelihood of defaulting on the judgment") (attached as Exhibit "B").

Similarly, this Court held in *Cayuga Indian Nation* that New York State, as a sovereign government able to raise tax revenues in order to satisfy the judgment against, was not required to post a bond in support of the stay. 188 F. Supp. 2d at 255. The Court noted that the central purpose of a bond – to secure the plaintiff against further losses in the event of an unsuccessful appeal – was satisfied by the authority of the State itself, because it was a stable political entity that would be willing and able to pay the judgment upon resolution of the appeal. *Id.* at 255-56.

Though the *Cayuga Indian Nation* Court applied an additional discretionary-stay analysis with respect to the State's motion for a stay pending appeal, it only did so out of "an abundance of caution," and it is respectfully

---

[1] The court also held that the governmental entity was entitled to an automatic stay pending appeal pursuant to Fed. R. Civ. P. 62(f). That provision directs federal courts to follow state law regarding the availability of a stay pending appeal where the federal judgment operated as a lien on the judgment debtor's property under state law. Because a judgment in Georgia was a lien on real property, and because Georgia law provided government subdivisions with an automatic stay (without having to post a bond), the court also relied on Rule 62(f) in issuing a stay without a bond. 445 F. Supp. 2d at 1376-77; *see also Staley v. Harris County, Texas*, 332 F. Supp. 2d 1041, 1043-44 (S.D. Tex. 2004) ("Under Texas law counties are not required to post a supersedeas bond . . . [a]ccordingly, the County will not be required to post a supersedeas bond in order to obtain a stay of the monetary requirement of the Final Judgment.").

submitted that such analysis is unnecessary where, as here, the judgment creditor's interest is fully secured by the City's municipal status. *Id.* at 252. For example, in *Ortiz*, the Eastern District of New York held that the New York Housing Authority's status as a governmental entity was sufficient, in and of itself, to secure the judgment creditor's interests pending the outcome of an appeal. 22 F. Supp. 2d at 40. Accordingly, the court issued a stay without requiring the Housing Authority to post a bond. *Id.* Notably, the *Ortiz* Court did not undertake a separate analysis of the Housing Authority's request for a stay; i.e., it did not consider the various factors used to analyze requests for discretionary stays. *See, e.g.*, *In re World Trade Center Disaster Cite Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

This result makes sense in light of the non-discretionary nature of a conventional Rule 62 stay, which provides for an automatic stay upon the Court's "approval of the bond." *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009). As the *Frommert* Court explained, under Rule 62, "the party posting the bond is entitled to a stay as of right; the court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." *Id.* (*citing, inter alia*, *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966)). Accordingly, the City respectfully submits that if the Court decides that waiver of a bond is appropriate, discretionary-stay analysis is unnecessary. That is, once the Court determines that the judgment creditor's interests are secure by reason of the

City's innate ability to satisfy the judgment and pay interest, then the stay should issue automatically.[2]

Here, there is little question that the City of Syracuse has the ability and is otherwise obligated to satisfy the judgment against it in the event that it is unsuccessful on appeal. As set forth in the accompanying affidavit of David DelVecchio, the City Commission of Finance and Chief Fiscal Officer, the City is solvent, has a $283.5 million budget, and able to satisfy all of its debts and obligations. DelVecchio Aff. ¶¶ 3-5. Moreover, the City is legally obligated to pay judgments against it, and has satisfied all past judgments against it. *Id.* at ¶¶ 5, 7.[3] Mr. DelVecchio further explains that the City has the ability to issue municipal bonds to borrow the funds necessary to satisfy a judgment even if there is not enough money to pay it out of existing appropriations. *Id.* at ¶ 6.

In light of the City's status as a municipal corporation that is stable, solvent and fully capable of raising the funds necessary to satisfy the judgment, it is respectfully submitted that the judgment creditor's interests are sufficiently protected to justify waiver of a *supersedeas* bond. More importantly, state and local law obligates the City to pay judgments against it, as set forth above. It would be an unnecessary waste of City taxpayer funds to require the City to purchase a *supersedeas* bond where the City has the unquestionable ability to

---

[2] In the event the Court determines that it requires further analysis on the discretionary factors, the City respectfully requests leave to submit supplemental briefing.

[3] Syracuse Rev. Ordinance § 6-102(1)(a)(4) requires the City to include judgments payable in a fiscal year in the City budget, and § 6-102(4)(c)(1) precludes the Common Council from removing, diminishing or rejecting any budget amount related to paying those judgments. Once the money to pay the judgment is budgeted, the City is obligated under N.Y. General Municipal Law § 70 to pay it out in the absence of a stay.

satisfy the Judgment without additional security. Thus, because the judgment creditor's interest in final execution upon the Judgment against the City in this case is fully protected, it is respectfully submitted that a *supersedeas* bond is unnecessary.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court issue a stay of all enforcement proceedings on the Judgment pending the City's appeal to the Court of Appeals for the Second Circuit and waive the posting of a *supersedeas* bond.

In the alternative, in the event the Court is unwilling to waive the requirement of the posting of a bond, the City respectfully requests that Court reduce the amount of the bond to ten percent (10%) of the principal judgment amount.

**DATED:** November 3, 2011

Respectfully submitted,

**HANCOCK ESTABROOK, LLP**

By: /s/ John G. Powers
John G. Powers, Esq. (Bar Roll No: 508934)
James P. Youngs, Esq. (Bar Roll No: 515029)
1500 AXA Tower I – 100 Madison Street
Syracuse, New York 13202
Telephone: (315) 565-4500
Facsimile: (315) 565-4600

**CITY OF SYRACUSE CORPORATION COUNSEL**

Mary Ann Doherty, Esq. (Bar Roll No: 511188)
City Hall – Room 301
233 East Washington Street
Syracuse, New York 13202
Telephone: (315) 448-8400

*Attorneys for Defendant*