**H**
Only the Westlaw citation is currently available.

United States District Court, W.D. New York.
RIVER OAKS MARINE, INC., Plaintiff,
v.
The TOWN OF GRAND ISLAND, Town Board of the Town of Grand Island, Martin Prast, Individually and as Supervisor of the Town of Grand Island, and Marion Fabiano, Individually and as Councilwoman and as Acting Supervisor of the Town of Grand Island, Defendants.

No. 89–CV–1016S.
Dec. 10, 1992.

Joseph Ritzert, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, NY, for plaintiff.

Theodore Burns, Hurwitz & Fine, Buffalo, NY, for defendants.

DECISION AND ORDER
SKRETNY, District Judge.

FACTS

***1** Defendants have moved pursuant to Fed.R.Civ.P. 62(b) for an order granting a stay of execution of a money judgment in the amount of $1,149,149.43 entered against them on November 25, 1992. Execution of the judgment has to this point been stayed automatically pursuant to Rule 62(a). On December 10, 1992 defendants filed a motion under Rule 59 to alter or amend the judgment or, in the alternative, for a new trial. Oral argument on defendants' motion is scheduled for December 21, 1992, at which time counsel for the parties shall be prepared to address the accrual of post-judgment interest.

The following was discussed with counsel for the parties at proceedings held before this Court on December 9, 1992. Further information was obtained on the record from Grand Island Town Supervisor James Pax: The entire amount of the judgment will be paid by the Town of Grand Island, which has provided the means for such payment in its 1993 budget. Its provision could not have been made before this Court determined how much prejudgment interest is to be paid, which this Court did by its Decision and Order entered on November 25, 1992. A public hearing regarding such payment shall take place on Grand Island on December 21, 1992. It has not been determined whether the Town's 1992 budget leaves any surplus out of which the judgment could be paid. Moreover, the Town allegedly has no legal authority to pay the judgment out of funds that have already been allocated to pay for public functions.[FN1] Therefore, attachment of public funds would prevent the Town from paying for necessary services. Defendants have submitted the affidavit of Grand Island Town Supervisor James Pax, indicating that town employees would not be paid, and that water, lighting, sewage, and highway services would be disrupted. Finally, in oral argument counsel for the plaintiff informed this Court that plaintiff is not concerned that it will not collect on its judgment; plaintiff simply wants to collect immediately.

DISCUSSION

Fed.R.Civ.P. 62(b) provides that in the event Rule 59 motions are made, the court may, in its discretion, stay the execution of the judgment pending the disposition of such motions. If a stay is granted, adequate provisions shall be made for the security of the adverse party. This Court recognizes that " Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for new trial." *Van Huss v. Landsberg,* 262 F.Supp. 867, 870 (W.D.Mo.1967). Nonetheless, this case calls for an exercise of this Court's discretion to order a stay. Many innocent third parties may suffer if execution is allowed to proceed. *See Olympia Equipment v. Western Union Telegraph Co.,* 786 F.2d 794 (7th Cir.1986) (stay of execution pending appeal granted without requirement of a supersedeas

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

bond where judgment was so large that defendant might go bankrupt, or other creditors of defendant might be put in undue jeopardy).

*2 Similarly, in *Morgan Guar. Trust Co. v. Republic of Palau,* 702 F.Supp. 60, 65 (S.D.N.Y.1988), the court explained that in deciding whether to order a stay pending appeal pursuant to Rule 60(d), the court must consider: "(1) whether the petitioner is likely to prevail on the merits of his appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether isuance of a stay will substantially harm other parties interested in the proceedings, and (4) wherein lies the public interest." Furthermore, the Second Circuit has held that the district court may grant a stay pending appeal with no supersedeas bond "if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery." *Texaco Inc. v. Pennzoil Co.,* 784 F.2d 1133, 1155 (2d Cir.1986), *rev'd on other grounds,* 481 U.S. 1, 107 S.Ct. 1519 (1987). This Court is guided by these principles in exercising its discretion under Rule 62(b). Here, it cannot be said that defendants have no likelihood of success on their post-trial motion. Furthermore, immediate execution could work substantial hardship on the Town's residents and visitors. This would certainly not be in the public interest. In addition, plaintiff has expressed no fear that its interest in ultimate recovery would be endangered by a stay.

Finally, it is significant that the Grand Island is a municipal corporation. In *Marcelletti & Son Construction Co., Inc. v. Millcreek Township Sewer Authority,* 313 F.Supp. 920 (W.D.Pa.1970) the court held that security is unnecessary under Rule 62(b) where a municipal corporation is involved, since the municipality must provide in its budget for the payment of debts. *Id.* at 924 (discussing Pennsylvania's Municipal Authority Act of 1945). New York's Town Law § 121 permits a Town to pay judgments out of its revenues; this is what Grand Island has resolved to do in the present case. Whereas payment of the judgment has already been made a part of the Town's 1993 budget, this Court finds plaintiff to be adequately secured. If no public hearing takes place on December 21, 1992, or the Town does not promptly begin payment on the judgment in January 1993, plaintiff may move for further security or a lifting of the stay.

## CONCLUSION

For the reasons set forth above, defendants' motion to stay the execution of the judgment is granted, without the need for defendants immediately to obtain a bond or other security. If no public hearing takes place on December 21, 1992, or the Town does not promptly begin payment on the judgment in January 1993 and there has been no resolution of defendants' Rule 59 motion, plaintiff may move for further security or a lifting of the stay.

IT IS SO ORDERED.

FN1. Although the Town may, by resolution, make an additional appropriation during its 1992 fiscal year to pay the judgment (Town Law § 112), this process takes time. Judgment was entered on November 25, 1992. Execution of that judgment has been stayed under Fed.R.Civ.P. 62(a) until the present time. Oral argument on defendants' Rule 59 motion is scheduled for December 21, 1992. There are merely 14 working days remaining before fiscal year 1993. Finally, Town Law § 62 requires two days notice in writing before a special meeting of the town board can be held. Even if the Town could locate funds for an additional appropriation, pass the necessary resolution, and reduce the funds to cash before January 1, 1993, it is more reasonable, in light of all the other circumstances, to require the Town to pay the judgment out of funds already appropriated for that purpose in the Town's 1993 budget.

W.D.N.Y.,1992.
River Oaks Marine, Inc. v. Town of Grand Island

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1992 WL 406813 (W.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.