UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN UNDERGROUND ENGINEERING, INC.,<br>Plaintiff,<br>vs.<br>CITY OF SYRACUSE,<br>Defendant. | 5:00-cv-278 (FJS/DEP)<br>(Lead Case)<br><br>5:99-cv-1127(FJS/DEP)<br>(Member Case) |

**DECLARATION OF DAVID J. DELVECCHIO**

**DAVID J. DELVECCHIO,** under penalty of perjury, hereby declares the following to be true and correct:

1. I am the Commissioner of Finance and Chief Fiscal Officer of the City of Syracuse (the "City"), and I have personal knowledge of the matters set forth herein.

2. I have been made aware of the Judgment recently entered against the City in this matter in the amount of $5,312,678.00, plus interest, as well as the City's recent filing of a Notice of Appeal with respect to this Judgment.

3. This Declaration is made in support of the City's request that the Court stay any enforcement of the Judgment pending appeal without the necessity of the requiring the City taxpayers to incur the expense of purchasing a *supersedeas* bond.

4. As an initial matter, the City's current annual budget is $283.5 million. The City is currently solvent and able to satisfy all of its debts and obligations

5. Further, the City is obligated under State and Local Law to satisfy all final civil judgments entered against it and is authorized by law to appropriate monies to satisfy such obligations.

6. To the extent the City would be unable to satisfy a civil judgment out of its existing appropriations based on the amount of judgment, the City has the ability to issue Municipal Bonds under Local Finance Law § 11 to borrow money that is repaid through future appropriations. The City engages in municipal bonding on a fairly routine basis and has done so in the past to raise money for unbudgeted short-term obligations, capital improvement projects, and occasionally to satisfy a civil judgment. For example, the City is currently in the process of issuing approximately $45 million through municipal bonding for use in construction of the new airport terminal at the Syracuse Airport, has previously issued bonds to raise $3,000,000 to settle a claim against the Department of Public Works (Mack v City of Syracuse 2010) and in September 2011 issued bonds for the purpose of raising approximately $107,500 million for City ($43,500 M) and Syracuse School District ($64,000 M) Revenue Anticipation Notes.

7. If its appeal in this case is unsuccessful, the City is fully able to satisfy the amount of the Judgment plus any interest already accrued or otherwise accruing during the pendency of appeal. Further, the City fully intends to satisfy the Judgment entered in this case, and has satisfied all past civil judgments entered against it.

8. Under the circumstances, the purchase of a separate *supersedeas* bond protecting the judgment is unnecessary. The cost of obtaining such bond is approximately $60,050.00, which would be borne by the taxpayers of the City of Syracuse.

9. Since the City is fully able to satisfy the amount of the current Judgment plus any future accumulated interest, and since the City is legally obligated to satisfy that judgment, the City respectfully requests that the Court exercise its discretion under Rule 62 of the Federal Rules of Civil Procedure, and excuse any requirement for the City of Syracuse to post a separate *supersedeas* bond in this matter.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the
1 day of November, 2011.

David J. DelVecchio