**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

AMERICAN UNDERGROUND ENGINEERING, INC.,

Plaintiff,

v.

CITY OF SYRACUSE,

Defendant.

---

5:00-CV-278 (FJS/DEP)
(Lead Case)

5:99-CV-1127 (FJS/DEP)
(Member Case)

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY**
**PENDING APPEAL AND TO WAIVE SUPERSEDEAS BOND REQUIREMENT**

Date: November 22, 2011

Respectfully submitted,

s/Kevin M. Cox, Esq.
Bar No. 511991
CAMARDO LAW FIRM, PC
*Attorneys for Plaintiff.*
127 Genesee Street
Auburn, New York 13021
Tel: (315) 252-3846
Fax: (315) 252-3508
Email: kevincox@camardo.com

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES…………………………………………………………………..ii

PRELIMINARY STATEMENT………………………………………………………………1

ARGUMENT………………………………………………………………………….. …2

I. The City Has Failed to Demonstrate Entitlement to a Stay Pending Appeal Or Waiver of the Supersedeas Bond Requirement…………………………………………….2

A. The City's Request for Stay Should be Denied……………………2

B. The City's Request for Waiver of Supersedeas Bond Should be Denied.........................................................................5

CONCLUSION…………………………………………………………………………...16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Brabson v. Friendship House of Western New York, Inc.,
2000 WL 1335745 at *1 (W.D.N.Y. 2000) (copy of case attached to brief)…………………..6

C. Albert Sauter Co. v. Richard S. Sauter Co.,
368 F.Supp. 501 (E.D.Pa. 1973)……………………………………………………………..6

Campbell v. Rainbow City, Alabama,
209 Fed.Appx. 873 (11th Cir. 2006) (copy of case provided by Defendant)…………………..13

Cayuga Nation of New York v. Pataki,
188 F.Supp.2d 223 (N.D.N.Y. 2002)…………………………………………………………2, 4, 6

Celebrity Cruises, Inc. v. Structural Europe,
2002 WL 319644 (S.D.N.Y. 2002) (copy of case attached to brief)………………………….1, 7

DeKalb County School Dist. v. J.W.M.,
445 F.Supp. 2d 1371 (N.D. Ga. 2006)……………………………………………………….13

Dillon v. City of Chicago,
866 F.2d 902 (7th Cir. 1988)………………………………………………………………..1, 6, 7, 8

FDIC v. Ann-High Associates,
1997 WL 1877195 (2nd Cir. 1997) (copy of case attached to brief)…………………………..2, 6

Federal Deposit Ins. Corp. v. A&R Constr., Inc.,
921 F.Supp. 153 (E.D.N.Y. 1996)……………………………………………………………15

Federal Insurance Company v. County of Westchester,
921 F.Supp. 1136 (S.D.N.Y. 1996)……………………………………………………1, 2, 3, 4

Federal Prescription Serv. Inc. v. American Pharmaceutical Ass'n
636 F.2d 755 (D.C.Cir.1980)……………………………………………………………………6

Frommert v. Conkright,
639 F. Supp. 2d 305 (W.D.N.Y. 2009)………………………………………………………13, 14

Hamlin v. Charter Township of Flint,
181 F.R.D. 348 (E.D.Mich. 1998)……………………………………………………………...5

Harris v. Butler,
961 F.Supp. 61 (S.D.N.Y. 1997)…………………………………………………………....5

Hilton v. Braunskill,
481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)…………………………………………1, 2

Liberty Mut. Ins. Co. v. Bankers Trust Co.,
769 F.Supp. 130 (S.D.N.Y.1991)…………………………………………………………..16

Morgan Guaranty Trust Co. of New York v. Republic of Palau,
702 F.Supp. 60 (S.D.N.Y. 1988)…………………………………………………………3

Munoz v. City of Philadelphia,
537 F.Supp.2d 749 (E.D.Pa. 2008)…………………………………………………….8, 12

Ortiz v. New York City Housing Authority,
22 F.Supp.2d 15 (E.D.N.Y. 1998)……………………………………………………...14, 15

Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,
600 F.2d 1189 (5th Cir.1979)…………………………………………………………..5, 6

Port Chester Electrical Construction Corp. v. HBE Corp.,
1991 WL 258737 (S.D.N.Y. 1991) (copy of case attached to brief)……………………………..6

River Oaks Marine, Inc. v. Town of Grand Island,
1992 WL 406813 (W.D.N.Y. 1992) (copy of case provided by Defendant)……………………..7

Texaco Inc. v. Pennzoil Co.,
784 F.2d 1133 (2nd Cir. 1986)……………………………………………………………..7

Trans World Airlines, Inc., v. Hughes,
515 F.2d 173 (2d Cir.1975)………………………………………………………………6

Yankton Sioux Tribe v. Southern Missouri Waste Management District,
926 F.Supp. 888 (D.S.D. 1996)…………………………………………………………..5

**Statutes**

N. Y. General Municipal Law §70………………………………………………………10

Syracuse Rev. Ordinance §6-106……………………………………………………….10, 11

## PRELIMINARY STATEMENT

The City of Syracuse moves for stay pending appeal and waiver of the supersedeas bond requirement pursuant to Fed. R. Civ. P. 62 ("Rule 62"). Rule 62(d) permits a stay, as a matter of right, when a supersedeas bond is posted by an appellant. If no bond is provided, then the Court may consider granting a stay and, *if granted*, whether to dispense with the bond requirement.

In its motion, the City is asking the Court to take the unprecedented step of granting a stay without applying the required four-part test (see Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); Federal Insurance Company v. County of Westchester, 921 F.Supp. 1136, 1139 (S.D.N.Y. 1996), and then to deviate from the usual rule and waive the supersedeas bond requirement. The City provides no briefing whatsoever in support of its request for a stay. As such, the request for a stay should be summarily denied, making the request for waiver of the bond moot.

In support of its request to waive the supersedeas bond requirement, the City provides only a declaration of David DelVecchio, Commissioner of Finance for the City of Syracuse. Mr. DelVecchio's declaration fails to provide the Court with any evidence of the City's ability to pay plaintiff's judgment, with interest. As such, the Court is unable to conduct the required analysis when considering whether to require something less than a full supersedeas bond (see Dillon v. City of Chicago, 866 F.2d 902, 904 (7th Cir. 1988); Celebrity Cruises, Inc. v. Structural Europe, 2002 WL 319644 (S.D.N.Y. 2002)). Furthermore, Mr. DelVecchio's declaration fails to disclose to the Court the complexity of the collection process against the City, or what judgments are currently pending against the City ahead of AUE. As argued herein, the City's budgetary ordinances permit the City to delay satisfaction of AUE's final judgment almost indefinitely until, if ever, it raises the money needed to satisfy the judgment. As such, assuming, *arguendo*,

the City were entitled to a stay, the Court should require the City to post a full supersedeas bond in accordance with Rule 62(d) and Local Rule 67.1.

In a nutshell, the City is essentially asking the Court to ignore the law and grant a stay with no bond pending appeal merely because it is a municipality. For the reasons stated herein, the City's motion is completely without legal merit and should be denied. The bond is needed to protect plaintiff's right and ability to collect on its judgment, and to guarantee plaintiff the costs of delay incident to the appeal (see Cayuga Indian Nation of New York v. Pataki, 188 F.Supp.2d 223, 254 (N.D.N.Y. 2002)). If the City wants a stay pending appeal, it is required to post a supersedeas bond in accordance with Rule 62(d) and Local Rule 67.1 just like any other appellant, or provide an "acceptable alternative means of securing the judgment" (see FDIC v. Ann-High Associates, 1997 WL 1877195 (2nd Cir. 1997).

## ARGUMENT

### I. The City Has Failed to Demonstrate Entitlement to a Stay Pending Appeal Or Waiver of the Supersedeas Bond Requirement:

#### A. The City's Request for Stay Should be Denied:

In deciding whether an appellant is entitled to a stay under Rule 62(d), the Court is required to asses four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); Federal Insurance Company v. County of Westchester, 921 F.Supp. 1136, 1139 (S.D.N.Y. 1996). If an appellant qualifies for a stay under this four-part test, then and only then, does the district court have "some discretion to dispense with the further requirement of a bond." Federal Insurance Company v. County of Westchester, 921 F.Supp. at

1139, citing Morgan Guaranty Trust Co. of New York v. Republic of Palau, 702 F.Supp. 60, 65 (S.D.N.Y. 1988).

In County of Westchester, the Court did not even consider whether to waive the supersedeas bond since the defendant County of Westchester failed to carry its burden on the four-part test required for a stay pending appeal. The Court provided the following explanation of the County's failure of the four-part stay test:

> As to the first prong of the test, for example, the County's "strong showing" of success on the merits consists of nothing more than a cursory enumeration of the arguments the defendant plans to raise on appeal. Although the County claims that these arguments raise important issues of law, it offers not a single case citation to support this claim but instead simply recites certain of its factual contentions with which Judge Fox disagreed. Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk. Nonetheless, the Court has reviewed Magistrate Judge Fox's lengthy and careful opinion against the background of the County's claims and finds itself wholly unpersuaded of the County's likelihood of success on appeal.
>
> The County's showing with respect to each of the other prongs of the four-part test is similarly conclusory, and therefore merits no better response than to say that it is insufficient on its face and unconvincing on its merits. Accordingly, the County is not entitled to a stay under Rule 62(d).

County of Westchester, 921 F.Supp. at 1139. In refusing to even consider the County's request to waive the supersedeas bond requirement, the Court stated the following:

> If an appellant qualifies for a stay under this four-part test, the district court has some discretion to dispense with the further requirement of a bond, *see* *Morgan Guaranty*, 702 F.Supp. at 65, *supra;* **but the Court need not reach this further issue here, for (as the Court preliminarily indicated at the March 13 hearing) the County has failed to carry its burden under the four-part test.**

Id. at 1139.

Here the Court is faced with a similar scenario to that faced by the Court in County of Westchester. The City of Syracuse of asking the Court not only to grant a stay pending appeal, but to waive the requirement for a bond. However, the City of Syracuse has provided the Court with absolutely no briefing on the four-part test to enable the Court to determine whether to even grant a stay. In County of Westchester, the appellant at least provided the Court with a "cursory enumeration of the arguments the defendant plans to raise on appeal." Faced with "not a single case citation" on the four-part test, the Court was "wholly unpersuaded" that the defendant was entitled to a stay at all. Here, the City of Syracuse has not even provided the Court with a "cursory enumeration of the arguments" it plans to raise on appeal. As the Court in County of Westchester correctly stated, "it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk." County of Westchester, 921 F.Supp. at 1139. Since the City of Syracuse has failed to provide the Court with any argument or support on the four-part test, it is respectfully submitted that the Court must deny the City's request for a stay pending appeal.

The City is under the mistaken assumption that simply because it is a municipal corporation, it does not have to demonstrate entitlement to a stay. In attempting to bypass the requirement that it must demonstrate entitlement to a stay pending appeal, the City relies on this Court's decision and rationale in Cayuga Nation of New York v. Pataki, 188 F.Supp.2d 223 (N.D.N.Y. 2002). However, the City's reliance is misplaced. In Cayuga Nation of New York, the Court entertained a discussion of an assertion by the United States that there was no need to perform the Hilton four-part stay test in light of the State's "claimed status as a solvent creditor." Cayuga Nation of New York, 188 F.Supp.2d at 251-52. The Court rejected this assertion, but noted that there was case law interpreting Rule 62(d) to permit a stay as a matter of right upon

the court's waiver of the requirement where the appeal is taken from a monetary judgment. Id. citing Yankton Sioux Tribe v. Southern Missouri Waste Management District, 926 F.Supp. 888, 890 (D.S.D. 1996). While acknowledging these decisions, the Court ultimately decided to consider the four stay factors as enumerated by the Supreme Court in Hilton v. Braunskill prior to considering the request for waiver of the supersedeas bond requirement. Based on its analysis of the four factors enumerated in Hilton, the Court decided to stay execution of the $247,911,999.42 judgment. Id. at 253.

**B. The City's Request for Waiver of Supersedeas Bond Should be Denied:**

After deciding to grant a stay pending appeal, the Court in Cayuga Nation of New York then proceeded to consider whether waiver of the supersedeas bond was proper. Here, since the City of Syracuse has failed to demonstrate that it is entitled to stay, the Court need not even consider whether to deviate from the usual rule requiring a full supersedeas bond. That said, the City of Syracuse has also failed to provide the Court with factual and legal support for its argument that it is not required to post a supersedeas bond to obtain a stay pending appeal.

It is commonly understood that "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Harris v. Butler, 961 F.Supp. 61, 62 (S.D.N.Y. 1997), quoting Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir.1979). "Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required." Poplar Grove Planting And Refining Co., Inc., 600 F.2d at 1190; Hamlin v. Charter Township of Flint, 181 F.R.D. 348 (E.D.Mich. 1998) (Court held that readily available funds and to satisfy the judgment, and the fact that insurance company would satisfy part of the judgment, did not establish "extraordinary circumstances" warranting waiver of supersedeas bond requirement).

Since Rule 62(d) expressly dictates that supersedeas bond must be posted, only in "extraordinary circumstances" should anything less be required. C. Albert Sauter Co. v. Richard S. Sauter Co., 368 F.Supp. 501, 520 (E.D.Pa. 1973). The requirement of posting a supersedeas bond serves three purposes: (1) it allows an appellant to pursue an appeal without first satisfying the judgment; (2) it protects an appellee's rights and ability to collect the judgment; and (3) it guarantees an appellee the costs of delay incident to the appeal. Cayuga Nation of New York, 188 F.Supp.2d at 254, citing Brabson v. Friendship House of Western New York, Inc., 2000 WL 1335745 at *1 (W.D.N.Y. 2000).

The Second Circuit has held that "[a] district court may, in its discretion, grant a stay without requiring the posting of a bond **if the appellant provides an acceptable alternative means of securing the judgment.**" FDIC v. Ann-High Associates, 1997 WL 1877195 (2nd Cir. 1997) (emphasis added), citing Dillon v. City of Chicago, 866 F. 2d 902, 904-05 (7th Cir.1988); Federal Prescription Serv. Inc. v. American Pharmaceutical Ass'n, 636 F.2d 755, 757-58 (D.C.Cir.1980); Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir.1979); Trans World Airlines, Inc., v. Hughes, 515 F.2d 173, 176 (2d Cir.1975).

In Cayuga Nation of New York, the Court acknowledged that the moving party has the burden of "'objectively demonstrat[ing]' the reasons why the court should 'depart from the **usual requirement of a full security supersedeas bond** to suspend the operation of an unconditional money judgment." Cayuga Nation of New York, 188 F.Supp.2d at 255 (emphasis added), citing Port Chester Electrical Construction Corp. v. HBE Corp., 1991 WL 258737 at *1 (S.D.N.Y. 1991). The Court "in its discretion, may use equitable principles to grant such a stay without a full bond if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at

the same time, such a stay would 'not unduly endanger the judgment creditor's interest in ultimate recovery." Id. at 255, citing Port Chester Electrical Construction Corp. v. HBE Corp., 1991 WL 258737 at *1 (S.D.N.Y. 1991), quoting Texaco Inc. v. Pennzoil Co., 784 F.2d 1133, 1155 (2nd Cir. 1986). Finally, the Court stated that when considering whether to waive the bond requirement, it must consider additional factors, such as: "the degree of confidence that the district court has in the availability of funds to pay the judgment...; [w]hether the defendants' ability to pay the judgment is so plain that the cost of a bond would be a waste of money ...; and '[w]hether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendants in an insecure position [.]'" Id. at 254-55, citing Dillon v. City of Chicago, 866 F.2d 902, 904 (7th Cir. 1988); Celebrity Cruises, Inc. v. Structural Europe, 2002 WL 319644 (S.D.N.Y. 2002).

After a careful consideration of all of the foregoing factors, and "[d]ue to all of these 'unusual circumstances,' including the fact that the judgment debtor is the State of New York," the Court in Cayuga Nation of New York decided to waive the bond requirement. Id. at 256. Obviously, the City of Syracuse is not the State of New York and none of the "unusual circumstances" are present in this case to justify waiver of the supersedeas bond requirement. Furthermore, contrary to the argument advanced by the City of Syracuse, the mere fact that it is a municipal corporation is not, standing alone, sufficient grounds for the Court to waive the supersedeas bond requirement. None of the cases cited by the City of Syracuse support this novel proposition. For instance, in River Oaks Marine, Inc. v. Town of Grand Island, 1992 WL 406813 (W.D.N.Y. 1992), the Court was faced with a motion for stay pending consideration of post-trial motions under Rule 62(b), not Rule 62(d), and decided to waive the bond requirement. However, as the Court indicated, the bond was waived because the Town of Grand Island had

already resolved to pay the judgment out of its revenues and made it part of its budget. As explained herein, the City of Syracuse has done neither.

In its motion, the City of Syracuse cites to Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988) as an example from another Circuit where the Court granted a motion for stay and waived the requirement for a supersedeas bond for a municipality. As explained above, the Court need not even consider the City's request to waive the bond requirement since it has failed to even attempt to justify its request for a stay as part of its motion. That said, the Seventh Circuit was faced with a far different set of circumstances in Dillon than the Court faces here when considering the issue of waiver of the bond requirement. As noted by the Seventh Circuit in Dillon:

> When determining whether to waive the posting of bond, the district court may look to several criteria enumerated by this court: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money"; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Dillon v. City of Chicago, 866 F.2d at 904-05 (internal citations omitted); see also, Munoz v. City of Philadelphia, 537 F.Supp.2d 749 (E.D.Pa. 2008) (Court considered factors enumerated in Dillon v. City of Chicago when considering request for waiver of bond requirement under Fed.R.Civ.Pro. 62(d)). Applying the foregoing principles, the Seventh Circuit determined that the City of Chicago did not have to post a bond to obtain a stay of the execution of the judgment. However, unlike the City of Syracuse in this case, the City of Chicago presented "a strong case in favor of staying the execution of the judgment, as well as attorneys' fees and costs, without

requiring a bond." Id. More specifically, the City of Chicago submitted affidavits to the district court outlining the mode of payment of employment discrimination judgments against the Chicago Police Department. The City of Chicago demonstrated that the entire process of payment of the judgment and fees and costs would take less than thirty days, and was guaranteed to be paid from the Corporate Payroll Fund of the City of Chicago which, at that time, had $484 million appropriated for the Fund. In the eyes of the Court, this amount of available funds appeared to be "more than adequate to guarantee payment of the $115,359.59 backpay award and the $51,882.53 attorneys' fees and costs award." Id. The Court further noted that the City had "a history of more than adequate provision for payment of employment discrimination judgments, *paid out of the budget of the relevant departmental unit*." Id. (emphasis added).

In the instant case, the only support provided by the City of Syracuse for its request for waiver of the bond requirement is an Affidavit of David DelVecchio promising payment of the judgment, but providing no proof of the availability of funds to do so. In ¶4 of his Affidavit, Mr. DelVecchio states that the City is "*currently* solvent and able to satisfy all of its debts and obligations." (emphasis added) However, Mr. DelVecchio fails to state whether there is *currently* a surplus in the City's budget to pay the full amount of the judgment, plus interest. The judgment plus prejudgment interest alone totals $11,180.057.80 (See Affidavit of Kevin M. Cox, Esq.). Mr. DelVecchio fails to state or demonstrate to the Court whether the City presently has a surplus in its budget of at least that amount (postjudgment interest must also be calculated). Next, Mr. DelVecchio states that the City is "obligated under State and Local Law to satisfy all final civil judgments entered against it and is authorized by law to appropriate monies to satisfy such obligations." (¶5 of DelVecchio Affidavit) However, Mr. DelVecchio fails to state to the Court that the City has budgeted and appropriated a the monies necessary to satisfy the full

amount of the judgment, plus interest, in this case. As such, notwithstanding the City's legal obligations, the Court has no way of knowing whether the City has complied with the law and appropriated and budgeted the monies necessary to satisfy AUE's judgment in full. In this regard, it is worth noting that New York General Municipal Law §70, to which the City cites in its brief, merely provides that "the treasurer or other financial officer of such [municipal] corporation having sufficient moneys in his hands belonging to the corporation not otherwise specifically appropriated, shall pay such judgment upon the production of a certified copy of the docket thereof." N.Y. General Municipal Law §70. While Mr. DelVecchio acknowledges the City's legal obligations, he fails to state or present proof to the Court that the City presently has "sufficient moneys in [its] hands" not appropriated elsewhere to satisfy AUE's judgment. Next, acknowledging that the City may be unable to satisfy AUE's judgment "out of its existing appropriations based on the amount of the judgment," Mr. DelVecchio states that the City has the ability to issue Municipal Bonds under Local Finance Law §11. (¶6 of DelVecchio Affidavit) However, Mr. DelVecchio fails to provide any evidence of the City of Syracuse's present bond rating or other evidence demonstrating that the City would, in fact, be able to issue municipal bonds to pay for AUE's judgment. Furthermore, counsel is aware of no legal requirement for the City to issue municipal bonds to satisfy the judgment. The examples provided by Mr. DelVecchio of past municipal bonds issued by the City are not relevant since they involve new construction, revenue anticipation notes, and <u>settlement</u> of a $3,000,000 claim (which is only approximately 25% of AUE's judgment with interest). It is respectfully submitted that payment of a settlement is payment on a contract and, therefore, far different than payment of a judgment.

Conspicuously absent from Mr. DelVecchio's declaration and the City's brief is a discussion of Section 6-106 of the City's ordinances (see Exhibit "2" of Cox Declaration).

Section 6-106 ("Payment of judgments against the city") provides as follows:

> The amount of any judgment recovered against the city and payable by it, remaining unpaid, the interest due thereon, in case the time of appeal therefrom has expired and no appeal has been taken, or a certificate of no appeal therefrom has been given by the corporation counsel, or in case such judgment is finally affirmed, or an appeal taken and the execution thereon shall not be stayed, shall be reported to the council immediately after the same shall have become payable, as aforesaid; and the amount thereof shall be included in the next city tax budget. Such judgments shall be paid in the order of their recovery out of the moneys first paid to the city on account of the annual taxes. If, however, there be any moneys in the treasury to the credit of any funds derived from city revenues, other than taxation, in excess of the estimated revenues from such source, and not otherwise appropriated, sufficient to satisfy judgments against the city, the commissioner of finance shall issue warrants for the payment of such judgments out of said funds in the order of their recovery. Until the moneys applicable to the payment of a judgment have been raised and paid to the city and payment of a judgment has been refused, no execution shall issue against the city unless the amount of such judgment shall not have been included in the tax budget.

As shown above, if the Court were to grant a stay in this case, the City will likely not have to include AUE's judgment in its budget until 2013 ("the next city tax budget") after the Second Circuit has decided the appeal. Even then, it is uncertain if and when AUE's judgment will be paid since the City and Mr. DelVecchio have not disclosed to the Court how many judgments are waiting in line ahead of AUE at the present time, as well as the amounts of those judgments (i.e. "Such judgments shall in the order of their recovery out of the moneys first paid to the city on account of the annual taxes"). Furthermore, the City can delay satisfaction of AUE's judgment indefinitely until, if at all, "the moneys applicable to the payment of a judgment have been raised and paid to the city…" Even then, it appears from Ordinance 6-106 that the City can still refuse to budget and/or satisfy AUE's judgment ("…**and payment of a judgment has been refused**, no execution shall issue against the city **unless the amount of such judgment shall not have**

**been included in the tax budget**"). Based on the foregoing, AUE could be waiting around indefinitely until the City decides, if at all, it would like to satisfy the judgment or until AUE attempts to execute on the judgment. By that time, however, the City of Syracuse may not even have the funds to pay the judgment. For these reasons, it is respectfully submitted that the only way to protect AUE's ability to get paid on its judgment is for the Court to require a full supersedeas bond in accordance with Rule 62 and Local Rule 67.1. This is the "usual rule" and there are no "extraordinary circumstances" in this case which would justify waiving the bond requirement.

The City of Syracuse also relies on Munoz v. City of Philadelphia, 537 F.Supp.2d 749 (E.D. Pa. 2008) in support of its novel argument that it is not required to obtain a supersedeas bond merely because it is a municipality. However, in Munoz, the City of Philadelphia was faced with a judgment of only $429,230 and, as the Court properly noted, the City provided evidence of $25 million in available funds to pay the judgment:

> In support of defendants' pending motion, the City has submitted a verified statement by its Budget Director, Stephen Agostini, pursuant to 28 U.S.C. § 1746. He stated that the City maintains an Indemnities Fund from which settlements and judgments against the City are paid. Historically, $25 million has been appropriated annually by the City Council of Philadelphia. For the fiscal year 2007, $20 million has been appropriated with a pending bill in City Council to add an additional $5 million. The Mayor's budget for fiscal year 2009, beginning on July 1, 2008, proposes $25 million for the Fund. From what Mr. Agostini has said, we have no reason to believe that the judgment, if affirmed, would not be paid and paid promptly.

Munoz v. City of Philadelphia, 537 F.Supp.2d at 751. Contrary to what the City of Syracuse argues in its motion, the Court's decision in Munoz had nothing to do with the mere fact that the defendant was a municipality. Rather, in light of a $25 million fund established exclusively for the payment of settlements and judgments, and the fact that the judgment in question was only

$439,230, the Court in Munoz decided to waive the bond requirement.

Next, the City cites to the decision in DeKalb County School Dist. v. J.W.M., 445 F.Supp. 2d 1371 (N.D. Ga. 2006) for the proposition that the bond requirement should be waived for the mere fact that it is a municipality. Once again, however, the circumstances in DeKalb are far different than in the instant case. In DeKalb, the plaintiff was only seeking to enforce a $14,875 reimbursement award and a year of compensatory education against the DeKalb County School District. In light of the small dollar amount involved in the case, the Court in DeKalb was not concerned about the School District's ability to satisfy the award. Here, the City of Syracuse is asking the Court to deviate from the usual rule requiring a supersedeas bond on a much larger judgment amount of nearly $12 million, while providing absolutely no evidence of a budget surplus or that the judgment has been budgeted or appropriated, whether it will be in the future, and what unpaid judgments are ahead of AUE right now awaiting payment.

Next, the City of Syracuse cites to dicta[1] in Campbell v. Rainbow City, Alabama, 209 Fed.Appx. 873 (11th Cir. 2006) as alleged support for its argument. In Campbell, however, the Court was not even asked to decide whether to waive a supersedeas bond. Rather, the question facing the Court was against which party bond premiums should be taxed under Fed. R. App. P. 39. As such, besides the fact that Campbell is an Eleventh Circuit decision, the decision is completely irrelevant to the Court's consideration of whether to deviate from the normal supersedeas bond requirement.

Finally, the City of Syracuse relies on Frommert v. Conkright, 639 F. Supp. 2d 305

[1] Even the Court's dicta in Campbell is distinguishable from the instant case, as the Court indicated that "because Rainbow City is a municipality **with ample assets, insurance, and little likelihood of defaulting on the judgment**, the court **likely** would have waived the bond requirement if it had been asked." (emphasis added) Campbell v. Rainbow City, Alabama, 209 Fed.Appx. 876. Here, the City has not provided the Court with any evidence of its assets, insurance, or budget surplus to demonstrate financial wherewithal sufficient to show there is little likelihood it will default on the judgment.

(W.D.N.Y. 2009) as alleged authority for the Court to waive the bond requirement merely because it is a municipality. However, in Frommert, the Court agreed to deviate from the usual requirement of a supersedeas bond based on the evidence presented by the defendant of substantial assets sufficient to pay the judgment in that case. More specifically, the defendant plan administrator provided the Court with an affidavit demonstrating that the trust fund contained about $3.75 billion dollars in assets. In light of this evidence, the Court stated a follows:

> As I stated in my March 6, 2007 order granting defendants' motion for a stay pending appeal to the Court of Appeals, defendants have shown that the Plan "has ample assets and is fully capable of paying any judgment entered in this case." 472 F.Supp.2d at 468-69. Defendants have submitted evidence that the Plan's trust fund contains over three billion in assets, far exceeding the amounts at issue in this case, which appear to run into the tens of millions at most. In fact, plaintiffs do not raise any arguments about the appropriate size of the bond; they argue only that the motion for a stay should be denied outright. *See* Dkt. # 194. As explained above, I am not persuaded by that argument, and, since requiring a bond under the circumstances of this case would be nothing more than a "waste of money," *Dillon*, 866 F.2d at 905, I will not require the posting of a bond here.

Frommert v. Conkright, 639 F. Supp. 2d at 313-14. Unlike the defendant in Frommert, the City of Syracuse has provided the Court with no evidence that it has sufficient assets at this time to satisfy AUE's judgment with interest. The vague and conclusory affidavit provided by Mr. DelVecchio does not even come close to demonstrating the City's financial ability to satisfy the judgment.

In its Motion, the City relies heavily upon the Court's decision in Ortiz v. New York City Housing Authority, 22 F.Supp.2d 15 (E.D.N.Y. 1998), so much so that it actually cites to this case in its proposed Order. The City would like this Court to rely on Ortiz as a basis to ignore the various factors used to analyze requests for discretionary stays (see City of Syracuse Memo

of Law pg. 6). However, the City of Syracuse fails to mention one major factor that differentiates Ortiz from the present case: the plaintiff in Ortiz did not oppose the request for a stay without a bond. In Ortiz, the plaintiff obtained a jury award for damages suffered when she was raped at gunpoint outside her apartment owned by the New York City Housing Authority. Following the jury verdict, the Housing Authority filed a post-trial motion under Rules 50, 59, and 62. The lengthy decision is devoted almost entirely to consideration of the Housing Authority's motion under Rules 50 and 59. The Court finally addressed the Housing Authority's Rule 62 motion in one paragraph at the end of its decision, where its states that "[t]he Housing Authority also seeks a stay of execution pending appeal without the necessity of filing a supersedeas bond," and "**Counsel for Ortiz does not oppose the request**" (emphasis added). Ortiz v. New York City Housing Authority, 22 F.Supp.2d at 40. Since plaintiff did not oppose the Housing Authority's request for a stay without a bond, the Court was not required to analyze the factors required when considering a request to waive the bond requirement.

The Court in Ortiz did note that, as a subdivision of the City of New York, the Housing Authority had ample means to satisfy the judgment. However, the Court cited to its own decision in Federal Deposit Ins. Corp. v. A&R Constr., Inc., 921 F.Supp. 153, 154 (E.D.N.Y. 1996) for authority as to what the Court should consider when considering a request for a stay pending appeal without a bond. In Federal Deposit Ins. Corp. v. A&R Constr., Inc., 921 F.Supp. 153 (E.D.N.Y. 1996), the Court stated the following in this regard:

> Factors in addition to the judgment debtor's ability to pay must also be considered before granting a stay without the posting of a supersedeas bond, including the complexity of the collection process and the amount of time required to collect on a judgment after it is affirmed on appeal. See Dillon v. City of Chicago, 866 F.2d 902, 904–05 (7th Cir.1988). See also Liberty Mut. Ins. Co. v. Bankers Trust Co., 769 F.Supp. 130, 131 (S.D.N.Y.1991).

Federal Deposit Ins. Corp. v. A&R Constr., Inc., 921 F.Supp. at 155. The Court in Ortiz then denied the request for waiver of the bond requirement, stating that "[w]hile the court does not doubt Providence's affluence or its good intentions, it is less certain whether collection procedures in Rhode Island will allow plaintiff to enforce its judgment quickly if the judgment is affirmed." Id. The Court further stated that since the amount of the bond premium was "hardly likely to harm Providence or its other creditors," it would not deviate from the "usual rule" of requiring a bond as a condition of stay. Id. citing Liberty Mut. Ins. Co. v. Bankers Trust Co., 769 F.Supp. 130, 131 (S.D.N.Y.1991) (Court held that defendant had not shown that it should be excused from the "customary practice" of posting a supersedeas bond in the amount of the judgment, pending appeal, and the Court declined to exercise its discretion to excuse defendant from that requirement).

## CONCLUSION

Based on the foregoing, it is respectfully requested that the Court DENY the City of Syracuse's motion for stay pending appeal and waiver of supersedeas bond, and require the City to obtain a full supersedeas bond in accordance with Rule 62 and N.D.N.Y. Local Rule 67.1, or an acceptable alternative means of securing the judgment, as a condition for a stay of enforcement of plaintiff's judgment pending appeal.

Date: November 22, 2011

Respectfully submitted,

s/Kevin M. Cox, Esq.
Bar No. 511991
CAMARDO LAW FIRM, PC
*Attorneys for American Underground Engineering, Inc.*
127 Genesee Street
Auburn, New York 13021
Tel: (315) 252-3846
Fax: (315) 252-3508
Email: kevincox@camardo.com