Not Reported in F.Supp.2d, 2000 WL 1335745 (W.D.N.Y.)
**(Cite as: 2000 WL 1335745 (W.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court, W.D. New York.
Mary BRABSON, Plaintiff,
v.
THE FRIENDSHIP HOUSE OF WESTERN NEW YORK, INC. and MUHAMMAD FURQUAN, Defendants.

No. 94–CV–0834 E.
Sept. 6, 2000.

Sheila G. Graziano, Esq., Buffalo, for the Plaintiff.

Friendship—Kevin J. Bauer, Esq., Albany, Furquan—Pro Se, Buffalo, for the Defendant.

MEMORANDUM and ORDER

ELFVIN, S.D.J.

***1** Presently before this Court is the request of The Friendship House of Western New York, Inc.'s ("defendant") for an order staying enforcement of the judgment, pending appeal, without requiring it to provide a supersedeas bond. Defendant argues that it is likely to prevail on its appeal and that defendant will suffer irreparable harm should plaintiff be permitted to enforce the judgment. For the reason stated below, defendant's motion will be denied.

Following a seven-day trial in the above-captioned sexual discrimination action from January 27 though February 5 of 1997 and after one day of deliberations, the jury returned a verdict in favor of plaintiff and assessed $353, 509.75 in damages against defendant and $106,250 against co-defendant Muhammad Furquan. Judgment was entered February 14, 1997 in an amount of $459,759.75. Following this Court's denial of various post-verdict motions, plaintiff's "transcription" for damages and costs to the Erie County Clerk's Office—Bauer June 19, 2000 Aff. ¶ 2—and defendant's filing of an appeal, defendant petitioned for relief under Chapter 11 of the Bankruptcy Code August 14, 1997. Consequently, plaintiff was stayed from enforcing her judgment and defendant's appeal was closed by the Second Circuit Court of Appeals pending a resolution in the Bankruptcy Court. After defendant's bankruptcy action was dismissed June 20, 2000, defendant renewed its appeal, filed the instant motion and informs this Court that it is unable to obtain a supersedeas bond.

Rule 62(d) of the Federal Rules of Civil Procedure ("FRCvP") states that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay * * * " of the execution and enforcement of a judgment. "In deciding whether to order a stay of judgment pending appeal, a court must consider (1) whether the petitioner is likely to prevail on the merits of his appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested in the proceedings, and (4) wherein lies the public interest." *Morgan Guar. Trust Co. v. Republic of Palau*, 702 F.Supp. 60, 65 (S.D.N.Y.1988), *vacated on other grounds*, 924 F.2d 1237 (2d Cir.1991). If staying enforcement of the judgment is found to be proper, a court will normally require that an appellant post a supersedeas bond. Posting such bond serves three purposes—*viz.*, it allows an appellant to pursue an appeal without first satisfying the judgment, it protects an appellee's right and ability to collect the judgment and it guarantees an appellee the costs of delay incident to the appeal. *Id.* Nevertheless, it is recognized that it is within a district court's discretion to waive the bond requirement— *Federal Deposit Ins. Corp. v. A & R Constr., Inc.*, 921 F.Supp. 153, 154 (E.D.N.Y.1996)—, so long as doing so does not "unduly endanger the judgment creditor's interest in ultimate recovery." *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1155 (2d Cir.1986), *rev'd on other grounds*, 481 U.S. 1 (1987). All the aforementioned criteria are to be applied flexibly and equitably. *Morgan Guar. Trust Co.*, at 65.

***2** FRCvP 62(f) states that, "[i]n any state in which a judgment is a lien upon the property of the judgment debtor

and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state." FRCvP 62(f). Insofar as plaintiff has placed a judgment lien upon the property of defendant, section 5519(c) of New York's Civil Practice Law and Rules ("CPLR") allows "this [C]ourt, *inter alia*, to grant a discretionary stay of proceedings to enforce the order or judgment appealed from * * *." *Schwartz v. New York Housing Auth.*, 641 N .Y.S.2d 885, 886 (2d Dept.App.Div.1996). Legal nomenclature aside, the equitable principles which underlie CPLR 5519(c) are conterminous with those which underlie FRCvP 62(d) and, for the purposes of this motion, this Court's analysis is the same for each. *See* Siegel, McKinney's Cons.Laws of N.Y., Book 7B, CPLR C5519:4, at 227 (court's discretion under CPLR 5519(c) "will be influenced by any relevant factor, including the presumptive merits of the appeal and any exigency or hardship confronting any party").

The equities present in this case do not require the relief for which defendant has moved. Firstly, defendant has not demonstrated a likelihood of success on appeal. The issues, as briefed by the parties during this motion, are not materially different, for example, from those previously considered and rejected by this Court when denying defendant's post-verdict judgment as a matter of law. *See* Memorandum and Order dated June 27, 1997. "To conclude otherwise would require the judgment to be set aside." *Morgan Guar. Trust Co.*, at 66. Secondly, plaintiff has submitted good evidence that issuance of a stay will substantially harm her. Thirdly, while the public interest might normally favor staying enforcement of the judgment considering the charitable nature of defendant's business, this Court finds that such now weighs in favor of the plaintiff, inasmuch as the public has an interest in seeing that a plaintiff is allowed to enforce a judgment without facing an inordinately long delay. In this regard, this Court notes that, after it had filed for bankruptcy protection, defendant, as a debtor in possession, could have proceeded with its appeal had it chosen to do so. *See* Fed. R. Bankr.P. 6009 ("With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."). Defendant's three-year "free ride" having ended, subjecting plaintiff to a further stay would be inequitable. Similarly, while defendant has indicated that it—as well as the surrounding community—will suffer irreparable harm should a stay not be granted, the procedural history of this case shows that any such harm suffered is self-inflicted. Even if the undersigned was to find that staying enforcement of the judgment would be proper, insofar as there appears to be some question as to whether further delay will endanger plaintiff's interest in recovery and it is defendant's burden to demonstrate "the reason why the court should 'depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment" ' which it has not, to this Court's satisfaction—, the present circumstances militate against waiving the filing of such bond. *See* *Port Chester Elec. Constr. Corp. v. HBE Corp.*, No. 86 Civ. 4617(KMW), 1991 WL 258737, at *2 (S.D.N.Y. Nov. 27, 1991) (citing *Poplar Grove, Etc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir.1979).

***3** Accordingly, it is hereby *ORDERED* that defendant's motion for an order staying enforcement of the judgment, pending appeal, without requiring a supersedeas bond is denied.

W.D.N.Y.,2000.
Brabson v. The Friendship House of West. New York, Inc.
Not Reported in F.Supp.2d, 2000 WL 1335745 (W.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.