Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
John and Joyce SILIVANCH, Plaintiffs,
v.
CELEBRITY CRUISES, INC., Fantasia Cruising Inc., Essef Corp., Pre–Fab, and Structural Europe N.V. (f/n/a SFC) Defendants.
CELEBRITY CRUISES, INC. and Fantasia Cruising Inc., Third–Party Plaintiffs,
v.
STRUCTURAL EUROPE, Essef Corp., and Pre–Fab, Third–Party Defendants.

No. 95 Civ. 0374(JCF).
Feb. 28, 2002.

*MEMORANDUM AND ORDER*

FRANCIS, Magistrate J.

***1** Defendants Celebrity Cruises, Inc. and Fantasia Cruising, Inc. (collectively "Celebrity") have moved for an order staying execution of judgment pending appeal. Celebrity seeks to be relieved of the obligation of posting a bond and suggests, instead, that it would submit a Club Letter of Undertaking from its insurer United Kingdom Mutual (the "U.K. Club"). The plaintiffs object to this alternative, primarily on the ground that, should they prevail on appeal, they could be faced with further litigation to collect on the undertaking, rather than simply being able to draw down on a bond.

"A judgment creditor's primary concern when a judgment in his favor is stayed pending appeal is that he be 'secure ... from loss resulting from the stay of execution." ' *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154 (2d Cir.1986) (quoting *Federal Prescription Services v. American Pharmaceutical Association*, 636 F.2d 755, 760 (D.C.Cir.1980)), *rev'd on other grounds,* 481 U.S. 1 (1987). Thus, "when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors." *Id.* (citations omitted). Whether a court should dispense with the posting of a bond depends on such factors as the complexity of the collection process, the amount of time required to obtain a judgment after it is affirmed on appeal, the availability of funds to pay the judgment, whether the defendant's ability to pay the judgment is so obvious that the cost of the bond would be a waste of money, and the economic burden on the judgment debtor and the impact on its other creditors. 12 James Wm. Moore et al., *Moore's Federal Practice* § 62.03[2] (3d ed.1997); *Dillon v. Chicago*, **866 F. 2d 902**, 904–05 (7th Cir.1988).

In this case, the plaintiffs can be reasonably assured of obtaining full and prompt relief pursuant to the alternative proposed by Celebrity. As the plaintiffs themselves have pointed out, "Celebrity is part of a multi-billion dollar company with hundreds of millions of dollars in net income." (Plaintiffs' Memorandum of Law in Opposition to the Celebrity Defendants' Motion for a Stay of Execution, at 5). Moreover, the U.K. Club, which would submit the Club Letter of Undertaking, is the largest P & I club in the world and is itself "double-A" rated. (Declaration of James M. Hazen dated Feb. 2002, ¶ 3; Letter of James M. Hazen dated Feb. 25, 2002, at 1). In these circumstances, it would be wasteful to require Celebrity to pay for a bond to secure ultimate payment of the judgment.

The plaintiffs do have a legitimate concern about the difficulty of pursuing the U.K. Club, a foreign entity, should it fail to honor the Club Letter of Undertaking. That problem can be surmounted, however, by attaching certain conditions to Celebrity's proposal. It shall be required to submit a Club Letter of Undertaking in which the U.K. Club: (1) consents to jurisdiction in this Court for all purposes relating to execution of the judgment, (2) appoints local counsel with authority to accept service of process here, and (3) concedes liability, jointly and severally with Celebrity, for any attorneys' fees and costs that may be incurred by the plaintiffs in the event that Celebrity's share of the judgment is not

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

promptly paid to the extent affirmed on appeal.

***2** Subject to submission of a Club Letter of Undertaking as described above for the full amount of Celebrity's liability, Celebrity's motion for a stay of execution of judgment pending appeal is granted.[FN1]

FN1. The Essef Defendants have not suggested an alternative, and so must post a bond in order to trigger a stay of execution on their share of the judgment.

S.D.N.Y.,2002.
Silivanch v. Celebrity Cruises, Inc.
Not Reported in F.Supp.2d, 2002 WL 319644 (S.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.