United States Court of Appeals, Second Circuit.
FDIC, as Receiver for the New Connecticut Bank and Trust Company, N.A., Plaintiff-Appellee,
v.
ANN-HIGH ASSOCIATES, Michael D. O'Connell, James T. Flaherty, William O'Brien and Christopher McCormick, Defendants-Appellants.

No. 97-6095.
Dec. 2, 1997.

Michael D. O'Connell, Hartford, Conn., (on submission), for Appellants.

Lisa Kelly Morgan, Hartford, Conn., (on submission), for Appellee.

Before ALTIMARI and CALABRESI, Circuit Judges, SIFTON, District Judge.[FN*]

FN* The Honorable Charles P. Sifton, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

PER CURIAM.

***1** Motion for a stay of execution pending appeal of a deficiency judgment in the amount of $1,587,796.36 entered against appellants on April 25, 1997, in the United States District Court for the District of Connecticut, Janet Bond Arterton, *Judge.*

The motion is denied.

Appellants applied to this Court for a stay of execution pending their appeal of a deficiency judgment, in the amount of $1,587,796.36, entered against them April 25, 1997, in the United States District Court for the District of Connecticut, Janet Bond Arterton, *Judge.* The application for a stay was denied by order dated October 7, 1997. Since the application was based on Federal Rule of Civil Procedure 62(f), the interpretation of which, in the circumstances presented by this case, is a matter of first impression in this Court, we believe it appropriate to set forth the reasons for denying the motion in a separate opinion.

BACKGROUND

On January 21, 1994, the Federal Deposit Insurance Corporation ("FDIC") initiated this foreclosure action in the District of Connecticut. (Dyersburg Properties Inc., which is defending this appeal, is the successor-in-interest to the FDIC.) Defendant-appellant Ann-High Associates was, at the time the foreclosure action was commenced, the owner of the land. Defendants-appellants Michael D. O'Connell, James T. Flaherty, William O'Brien, and Christopher McCormick had guaranteed the mortgage.

Appellee's suit was successful and, on May 7, 1996, title to the land vested in appellee. Appellee then moved for a deficiency judgment against appellants. By opinion dated February 25, 1997, Magistrate Judge Thomas P. Smith found that as of May 7, 1996, the mortgaged property had a fair market value of $580,000. Since the outstanding mortgage, real estate taxes, and other expenses and debts related to the property exceeded its fair market value, Magistrate Judge Smith recommended to the district court that it enter a deficiency judgment for the difference. Judge Arterton adopted the magistrate judge's recommendation and on April 25, 1997, entered a judgment in the amount of $1,587,796.36 against appellants.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

On May 21, 1997, appellants applied to Judge Arterton for a stay of execution of the deficiency judgment pending appeal. Appellants did not post a supersedeas bond. Thinking the application for the stay unopposed, Judge Arterton granted appellants' request on July 24, 1997. After learning that appellee opposed the application, Judge Arterton vacated the stay on August 27, 1997. This motion for a stay followed.

DISCUSSION

A judgment debtor is entitled to a stay pending appeal upon posting a sufficient supersedeas bond. *See* Fed.R.Civ.P. 62(d). A district court may, in its discretion, grant a stay without requiring the posting of a bond if the appellant provides an acceptable alternative means of securing the judgment. *See* *Dillon v. City of Chicago,* **866 F. 2d 902**, 904-05 (7th Cir.1988); *Federal Prescription Serv. Inc. v. American Pharmaceutical Ass'n,* 636 F.2d 755, 757-58 (D.C.Cir.1980); *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979); *Trans World Airlines, Inc., v. Hughes,* 515 F.2d 173, 176 (2d Cir.1975). A district court must, however, grant a stay without requiring a supersedeas bond if the requirements of Rule 62(f) are met. *See* *Castillo v. Montelepre, Inc.*, 999 F.2d 931, 941-42 (5th Cir.1993); *State Bank & Trust Co. v. “D.J. Griffin” Boat,* 926 F.2d 449, 450 (5th Cir.1991); *Hoban v. Washington Metro, Area Transit Auth.,* 841 F .2d 1157, 1158 (D.C.Cir.1988). Rule 62(f) provides:

***2** Stay According to State Law. In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

Fed.R.Civ.P. 62(f).[1]

Rule 62, read in its entirety, reflects the federal policy of providing a judgment creditor with security during the pendency of an appeal. *See* *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir.1993); *NLRB v. Westphal,* 859 F.2d 818, 819 (9th Cir.1988); *Miami Int'l Realty Co. v. Paynter,* 807 F.2d 871, 873 (10th Cir.1986); *Poplar Grove Planting,* 600 F.2d at 1190-91. Subsection (f) of the rule, however, introduces a second consideration: “[O]ne purpose of Rule 62(f) is to allow judgment debtors to receive in a federal forum the same rights to a stay as they would receive in their state forum....” *Federal Ins. Co. v. County of Westchester,* 921 F.Supp. 1136, 1138 (S.D.N.Y.1996).[2]

Here appellants argue that they are entitled to a stay pursuant to Rule 62(f) without posting a supersedeas bond because under Connecticut law they would be entitled to a stay, *see* Conn. R.App. P. § 4046,[3] and because, also under Connecticut law, a Connecticut judgment is a lien on the property of a judgment debtor. Appellee does not dispute the proposition that appellants would be entitled to a stay in the courts of Connecticut. It argues here, as it did below, that the judgment in this case does not constitute a lien within the meaning of Rule 62(f), but only creates the possibility of a lien. Connecticut law provides with respect to judgment liens as follows:

(a) A judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property by recording, in the town clerk's office in the town where the real property lies, a judgment lien certificate, signed by the judgment creditor or his attorney or personal representative, containing: (1) A statement of the names and last-known addresses of the judgment creditor and judgment debtor, the court in which and the date on which the judgment was rendered, and the original amount of the money judgment and the amount due thereon; and (2) a description, which need not be by metes and bounds, of the real property on which a lien is to be placed, and a statement that the lien has been placed on such property.

(b) From the time of the recording of the judgment lien certificate, the money judgment shall be a lien on the judgment debtor's interest in the real property described....

Conn. Gen. St. § 52-380a.

(a) Except in the case of a consumer judgment, a judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any nonexempt personal property.... The judgment lien shall be created by filing a judgment lien certificate in the office of the secretary of the state.

***3** (b) The judgment lien certificate shall: (1) Be signed by the judgment creditor or his attorney or personal representative; (2) state the names and last-known addresses of the judgment creditor and judgment debtor, the court in which and the date on which the judgment was rendered, and the original amount of the money judgment and the amount due thereon; and (3) describe the personal property on which the lien is to be placed.

Conn. Gen. St. § 52-355a.

Generally, courts have dealt with statutes such as Connecticut's - where a judgment gives rise to, but does not in and of itself create, a lien - by looking at how much effort is required to effectuate the lien. *See, e.g., Elias Bros. Restaurants, Inc. v. Acorn Enter, Inc.*, 931 F.Supp. 930, 938-39 (D.Mass.1996); *Aldasoro v. Kennerson*, 915 F.Supp. 188, 190-91 (S.D.Cal.1995); *Marandino v. D'Elia*, 151 F.R.D. 227, 229 (D.Conn.) *aff'd*, 7 F.3d 221 (2d Cir.1993) (Table). Thus if a judgment creditor needs to conduct more than "ministerial acts" to make the lien effective under the state's lien law, the state's lien law fails to provide for a judgment lien sufficient to satisfy Rule 62(f). *See Elias Bros. Restaurants, Inc.*, 931 F.Supp. at 939; *Marandino*, 151 F.R.D. at 229. Following this test, Judge Arterton resolved the question simply on the basis of an examination of the Connecticut statute. Finding that more than mere "ministerial acts" are needed to turn the deficiency judgment into a lien under the state's law, *see* Conn. Gen.Stat. § 52-355a(a), 52-380a(a), she held that a Connecticut judgment is not a "lien on the property of a judgment debtor" within the meaning of Rule 62(f) .[4] *FDIC v. Ann-High Associates*, No. 94 Civ. 96 (D.Conn., Aug. 28, 1997).

Judge Arterton is undoubtedly correct that on the facts of this case a stay was not appropriate. But the difficulty with the district court's approach is that under some circumstances a judgment creditor need only do ministerial acts to effectuate a lien under Connecticut law. Therefore, a per se rule that Rule 62(f) may never be satisfied under Connecticut's lien law would be overbroad.

A more flexible and, in our view, more appropriate approach is to determine whether a particular federal judgment can be adequately secured by a lien under the state's lien law as a matter of fact. This approach has been followed by a number of courts interpreting Rule 62(f).[5] *See, e.g., Wykle v. City of New Orleans*, 1997 WL 266615, at *3-4 (E.D.La. May 20, 1997); *Radiofone Inc. v. PriCellular Corp.*, 1993 WL 177202, at *1 (E.D.La. May 18, 1993); *Marcelletti & Son Constr. Co. v. Millcreek Township Sewer Auth.*, 313 F.Supp. 920, 924-25 (W.D.Pa.1970); *Van Huss v. Landsberg*, 262 F.Supp. 867, 869 (W.D.Mo.1967); *cf. Castillo*, 999 F.2d at 942 (finding that, although judgment not technically a lien, stay pursuant to Rule 62(f) appropriate because funds were set aside to satisfy judgment).

***4** Under this approach, in order to avoid posting a supersedeas bond a judgment debtor must demonstrate not only (1) that state law entitles it to appeal without a bond and (2) that a judgment can be made a lien against a judgment debtor's property under the state's lien law, but also (3) that the circumstances are such that the judgment creditor can readily establish a lien that will be adequate to secure the judgment. In Connecticut, this will involve the judgment debtor's disclosure of the value and location of both real and personal property in the state so that the judgment creditor will know where to file the lien and can evaluate the adequacy of its security.

This interpretation is consistent with the fact-based inquiries animating other sections of Rule 62. *See, e.g., Dillon*, 866 F.2d at 904-05; *Federal Prescription Serv., Inc.*, 636 F.2d at 760-61; *Poplar Grove Planting*, 600 F.2d at 1191. It also strikes the appropriate balance between the two objectives of Rule 62(f) - providing security to the judgment creditor and promoting conformity between state and federal stay proceedings. *See Castillo*, 999 F.2d at 942; *Federal Ins. Co.*, 921 F.Supp. at 1138-39. If state law provides security pending appeal to a particular judgment creditor in the form of a lien, then federal courts must respect the state's determination that judgment debtors in the state may appeal without filing a bond. As a general proposition, if a judgment debtor can point to alternative and

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

adequate means of securing the judgment pending appeal, the supersedeas bond requirement may be waived under other provisions of Rule 62. *See* *Dillon*, 866 F.2d at 904-05; *Federal Prescription Serv., Inc.*, 636 F.2d at 760. However, while other exceptions to the supersedeas bond requirement are discretionary, *see* *Trans World Airlines, Inc.*, 515 F.2d at 176, a district court must grant a stay without a supersedeas bond if a judgment debtor shows that it has met the requirements of Rule 62(f). *See, e.g.*, *Hoban*, 841 F.2d at 1158.

Since appellants do not state that they have any property in Connecticut against which appellee can file a judgment lien, appellants are not entitled to a stay under Rule 62(f). Accordingly, their motion is denied.

*FOOTNOTES*

1. Rule 62(f) has been in the Federal Rules of Civil Procedure since their inception. According to the Advisory Committee Notes, subsection (f) "states the substance of U.S.C., Title 28 [former] § 841 (Executions; stay of one term) with appropriate modification to conform to the provisions of Rule 6(c) as to terms of court." The precursor to Rule 62(f) was enacted on May 19, 1828, and stated: "[I]n any of the United States, where judgments are a lien on the property of defendant, and where, by the laws of such state, defendants are entitled in the courts thereof, to an imparlance [stay] of one term or more, defendants, in actions in the courts of the United States, holden in such state, shall be entitled to an imparlance of one term." Act of May 19, 1828, ch. 68, § 2, 4 Stat. 281.

***5** 2. In 1862, the Supreme Court, interpreting the precursor of Rule 62(f), determined that "it was the intention of Congress to prevent a creditor suing in the Federal Courts from obtaining an advantage over another creditor suing in the State Courts." *Ward v. Chamberlain*, 67 U.S. (2 Black) 430, 441 (1862).

3. Conn. R.App. P. § 4046 provides in pertinent part:

In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is officially released as set forth in Sec. 4120; but if the judge who tried the case is of the opinion that an extension to appeal is sought or the appeal is taken only for delay or that the due administration of justice so requires that judge may at any time, upon motion and hearing, order that the stay be terminated.

4. Other courts, examining similar statutes, have concluded without discussion that such statutes do provide for liens within the meaning of Rule 62(f). *See, e.g.*, *Hoban*, 841 F.2d at 1158-59; *Smith v. Village of Maywood*, 1991 WL 277629, at *1 (N.D.Ill.Dec. 20, 1991); *McDonald v. McCarthy*, 1990 WL 165940, at *1 (E.D.Pa. Oct. 22, 1990).

5. This approach also is in accord with a much earlier case of first impression interpreting the May 19, 1828 Act that formed the basis of Rule 62(f). *See The* *Island Queen*, 152 F. 470, 472 (W.D.Pa.1907) ("If a defendant has no property upon which such judgment is a lien, he is not entitled to a stay of execution in the courts of the United States, notwithstanding the laws of the state may provide for stay of execution by defendants who have no property upon which judgments against them would be a lien ...."); *cf.* *Petrified Bone Mining Co. v. Rogers*, 159 F. 1019, 1021 (E.D.Pa.1908) ( "[C]onsidering the federal law by itself[,] the privilege of a stay is apparently given without requiring any security whatever, thereby putting the plaintiff in many instances to the serious hazard of loss. Such a result may be within the legislative competence, but to produce it should require the clearest language, and any reasonable construction that would avoid it ought to be preferred.").

C.A.2,1997.
F.D.I.C. v. Ann-High Associates
Not Reported in F.3d, 1997 WL 1877195 (C.A.2 (Conn.)), 39 Fed.R.Serv.3d 684

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.