Not Reported in F.Supp., 1991 WL 258737 (S.D.N.Y.)
**(Cite as: 1991 WL 258737 (S.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
PORT CHESTER ELECTRICAL CONSTRUCTION CORP., Plaintiff,
v.
HBE CORPORATION and the Fireman's Fund Insurance Company, Defendants.

No. 86 Civ. 4617 (KMW).
Nov. 27, 1991.

*MEMORANDUM OPINION AND ORDER*

KIMBA M. WOOD, District Judge.

***1** Defendants move for an order, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, staying enforcement of this Court's judgment, pending appeal, without requiring Defendants to provide a supersedeas bond. For the reasons stated below, the Court grants Defendants' motion in part, on the terms set forth in this opinion and order.

BACKGROUND

Plaintiff initiated this action to recover delay damages arising out of its subcontract work for Defendant HBE Corporation ("HBE") on a construction project relating to the Nyack Hospital ("Nyack"). Nyack retained Defendant HBE as architect and general contractor for the project. Pursuant to the contract between Defendant HBE and Nyack, Defendant HBE obtained a payment bond from Defendant Fireman's Fund Insurance Company ("FFIC") in the amount of $10,262,470.00. The payment bond requires Defendant FFIC, as Defendant HBE's surety, to pay Defendant HBE's subcontractors under certain circumstances, for work performed under the contract including "work on approved items of delayed completion."

Pursuant to 28 U.S.C. § 636(c), the parties to this action consented to a bench trial before United States Magistrate Judge Gershon. By opinion and order dated October 2, 1991, Magistrate Judge Gershon directed the Clerk of the Court to enter judgment in favor of Plaintiff in the amount of $831,776.55, plus pre-judgment interest in the amount of $394,809.80. On October 7, 1991, the Clerk of the Court entered judgment against Defendants in the total amount of $1,226,586.30.

On or about October 15, 1991, Defendants appealed the judgment to the Second Circuit by filing a notice of appeal with the District Court Clerk. On October 17, 1991, Defendants moved the Court pursuant to an Order to Show Cause for a stay of the judgment pending appeal without requiring Defendants to provide a supersedeas bond.

DISCUSSION

I.

Rule 62(d) of the Federal Rules of Civil Procedure allows an appellant to obtain a stay of the execution of a money judgment pending appeal by giving a supersedeas bond. *See* Fed.R.Civ.P. 62(d). In spite of the general requirement that a judgment debtor post a supersedeas bond in the full amount of the judgment, *see Liberty Mut. Ins. Co. v. Bankers Trust Co.*, 769 F.Supp. 130, 131 (S.D.N.Y.1991) (deeming the posting of a supersedeas bond in the amount of the judgment the "customary practice"), the district court, in its discretion, may use equitable principles to grant a stay of enforcement of the judgment pending appeal without a supersedeas bond, or with only a partial one, if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would " 'not unduly endanger the judgment creditor's interest in ultimate recovery.' " *See Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154–55 (2d Cir.1986), *rev'd on other grounds,* 481 U.S. 1 (1987) (quoting *Federal Prescription Serv. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C.Cir.1980)).

***2** The burden is on the moving party to "objectively demonstrate" the reasons why the court should "depart from

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment...." *See* *Poplar Grove, etc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir.1979). Some courts have adhered to the principle that supersedeas bonds are required in order to stay the enforcement of a judgment pending appeal except in two "rare instances" when the court should not require such a bond: "(1) where the [judgment debtor's] ability to pay the judgment is so plain that the cost of the bond would be a waste of money, and, (2) where the requirement would put the [judgment debtor's] other creditors in undue jeopardy." *Avirgan v. Hull*, 125 F.R.D. 185, 186 (S.D.Fla.1989), *citing* *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794 (7th Cir.1986). *See also* *Texaco*, 784 F.2d at 1155–56 (sustaining preliminary injunction which stayed execution of $11.12 billion judgment pending appeal upon $1 billion security and emphasizing judgment debtor's liquidation value of at least $22 billion, which would satisfy the judgment in full); *Federal Prescription Serv., Inc.*, 636 F.2d 755, 758 (D.C.Cir.1980) (affirming district court grant of stay pending appeal without requiring supersedeas bond because judgment debtor had net worth about 47 times amount of damage award and was a long-time resident with no intention of leaving the District of Columbia). Although courts sometimes waive the full supersedeas requirement, they often require alternative security considerably in excess of the judgment. *See* *Trans World Airlines v. Hughes*, 314 F.Supp. 94, 98 (S.D.N.Y.1970) (requiring $75 million in security and protection for balance of $145 million award by maintaining co-defendant corporation's net worth at three times amount of that balance); *Olympia Equipment*, 786 F.2d at 769, 799 (allowing alternative security for $36 million judgment in form of $10 million pledge in accounts receivable and security interest in $70 million of judgment debtor's physical assets). *See also* *Poplar Grove*, 600 F.2d at 1191 (stating that court has discretion to require less than full supersedeas bond when judgment debtor objectively demonstrates present financial ability easily to respond to judgment and presents to court a financially secure plan for maintaining same degree of solvency during pendency of appeal).

II.

Defendant HBE argues that it will sustain irreparable harm if required to give a supersedeas bond. In the course of Defendant HBE's business, it is required to obtain payment bonds for almost every construction project it undertakes. Defendant HBE claims that if it gives a supersedeas bond in this case, it will have to pay higher costs on future payment bonds, making it less competitive in comparison with other construction bidders. (Def.'s Mem. at 5.) In addition, Defendants argue that, because Plaintiff is currently in Chapter 11 bankruptcy proceedings, Plaintiff may not be able to pay Defendants' costs, including the premium on the supersedeas bond, if the judgment is reversed on appeal. (Def.'s Mem. at 5.) This showing does not rise to the level of irreparable harm, which is usually established upon a showing that the judgment debtor will become insolvent if required to post a full supersedeas bond. *See, e.g.,* *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 874 (10th Cir.1986) (affirming that threat of insolvency constitutes sufficient irreparable harm to stay execution of judgment pending appeal without requiring full supersedeas bond). *See also* *Matthews v. CTI Container Transport Intern. Inc.*, 689 F.Supp. 348 (S.D.N.Y.1988) (denying judgment debtor's application for stay pending appeal without full supersedeas bond because debtor failed to demonstrate that requirement of full bond would lead to bankruptcy); *Citibank, N.A. v. Nyland (CF8) Ltd.*, 705 F.Supp. 188, 189–90 (S.D.N.Y.1989) (finding that Defendants' showing of potential for inadequate restitution upon a successful appeal did not constitute irreparable harm warranting stay without supersedeas bond).

***3** Although Defendants have not demonstrated that the requirement of a full supersedeas bond would cause them irreparable harm, they have demonstrated that, currently, they have sufficient assets to pay the judgment in full should the judgment be affirmed on appeal. Defendants' payment bond is for $10,262,470.00, more than eight times the amount of the judgment. This bond presently appears to secure Plaintiff's judgment. Plaintiff argues that the payment bond is not sufficient security because it is not a supersedeas bond and some portion of the payment bond could be paid out during the course of the appeal. (Letter Dated October 28, 1991 from Lawrence Leykam to the Court, at 2). Defendants respond that all claims against the payment bond were required to be filed within one year after the date when Defendant HBE completed its work on Nyack, which was in June, 1986. (Letter dated October 31, 1991 from J. Scott Greer to the Court, at 2 [hereinafter "Greer Letter"]; Defendants' Exhibit D, ¶ 4(b)). Defendants further assert that there is only one other action presently pending that might result in claims against the payment bond and, even if those claims were paid in full, the payment bond would be reduced to no lower than $9,696,470.00, which is well in excess of the judgment. (*Id.* at 2). However, Defendants have not offered evidence that there are no other actions

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

currently pending that could further reduce the value of the payment bond.

Defendants, individually and collectively, also have established that, currently, even without consideration of the payment bond, they are able to satisfy the entire amount of the judgment if sustained on appeal. (Def.'s Mem. at 4.) Defendant HBE has current assets (excluding real property) in excess of $47 million and cash in excess of $10 million. (Greer Letter at 3.) As of December 30, 1990, Defendant FFIC had total capital, surplus, and reserves that exceeded $6 billion. In light of the above, Defendants argue that Plaintiff will not be unduly prejudiced by the lack of a supersedeas bond. The Court finds that, in light of Defendants' assets and the existence of the payment bond, Plaintiff will not be unduly harmed by the lack of a supersedeas bond, so long as Plaintiff is protected from the detriment that would result from a drastic change in Defendants' financial health.

III.

In light of Defendants' showing that, presently, they are financially able to satisfy the judgment if it is affirmed on appeal, the Court will stay execution of the judgment pending appeal without requiring a full supersedeas bond. However, in order adequately to protect Plaintiff's judgment from the possibility of a drastic change in Defendants' financial health pending appeal, Defendants must provide alternative security in excess of the judgment. If *either* Defendants' combined net worth *or* the value of Defendants' payment bond drops below $3,679,758.90 (three times the amount of the judgment), Defendants shall post a supersedeas bond in the full amount of the judgment within seven days, in accordance with the principles set forth in *Trans World.*

CONCLUSION

***4** Although Defendants failed to establish that they would be irreparably harmed by the requirement of a full supersedeas bond pending appeal, Defendants did establish that, presently, they have an outstanding payment bond and combined assets well in excess of the judgment. In order adequately to secure Plaintiff's judgment from the possibility of a drastic change in Defendants' financial health pending appeal, the Court orders that if *either* Defendants' combined net worth *or* the value of Defendants' payment bond drops below $3,679,758.90, Defendants shall post a supersedeas bond in the full amount of the judgment within seven days.

The clerk of the court shall enter the above order staying enforcement of Plaintiff's judgment pending appeal without a supersedeas bond upon the conditions set forth above.

SO ORDERED.

S.D.N.Y.,1991.
Port Chester Elec. Const. Corp. v. HBE Corp.
Not Reported in F.Supp., 1991 WL 258737 (S.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.