**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN UNDERGROUND ENGINEERING, INC.,<br>Plaintiff,<br>vs.<br>CITY OF SYRACUSE,<br>Defendant. | 5:00-cv-278 (FJS/DEP)<br>(Lead Case)<br><br>5:99-cv-1127(FJS/DEP)<br>(Member Case) |

# Reply Memorandum of Law in further support of Defendant City of Syracuse's Motion for a Stay Pending Appeal

**HANCOCK ESTABROOK, LLP**
John G. Powers, Esq. (No: 508934)
James P. Youngs, Esq. (No: 515029)
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Telephone: (315) 565-4500
Facsimile: (315) 565-4600

**CITY OF SYRACUSE CORPORATION COUNSEL**
Mary Ann Doherty, Esq. (No: 511188)
City Hall – Room 301
233 East Washington Street
Syracuse, New York 13202
Telephone: (315) 448-8400

*Attorneys for Defendant*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ............................................................................................ ii

ARGUMENT ..............................................................................................................1

I. AUE's advances the wrong legal standard by incorrectly asserting that the *Hilton* four-factor test used for stays of injunctions under FRCP 62(c) applies to the money judgment in this case. ..................................................................2

II. The City's evidentiary submission shows that it is willing, able and legally obligated to satisfy the judgments entered against it. ..........................................4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Dillon v. Chicago*,
866 F.2d 902 (7th Cir. 1989) ....................2, 3

*F.D.I.C. v. Ann-High Assoc.*,
1997 WL 1877195 (2d Cir. 1997)....................3

*Frommert v. Conkright*,
639 F. Supp. 2d 305 (W.D.N.Y. 2009) ....................3

*Hilton v. Braunskill*,
481 U.S. 770 (1987)....................1, 2, 3, 4

*Arban v. West Pub. Corp.*,
345 F.3d 390 (6th Cir. 2003) ....................3

*Olympia Equip. Leasing Co. v. Western Union Tel. Co.*,
786 F.2d 794 (7th Cir. 1986) ....................3

*Texaco Inc. v. Pennzoil Co*.,
784 F.2d 1133 (2d Cir. 1986)....................4

**STATUTES**

Syracuse City Ordinance § 6-106 ....................5

Fed. R. Civ. P. 62 .................... *passim*

## ARGUMENT

There is no principled reason for American Underground Engineering, Inc. ("AUE") to oppose the City of Syracuse's motion asking the Court to excuse the requirement of a *supersedea*s bond. The City is not a fly-by-night private company lacking discernible assets or the means to generate revenue. It is a municipality that generates $283.5 million in tax revenue *every year*. There is no record of it *ever* defaulting on its obligations or *ever* failing to pay a judgment entered against it. There is clearly *no* danger that the City will be unable to satisfy the Judgment against it in this action should it be unsuccessful on appeal.

The only practical effect of AUE's opposition to this motion is to force the City to unnecessarily purchase a *supersedeas* bond, the premium being a sunk cost paid out by the City taxpayers for no good reason. As set forth more fully below, AUE's position is further compromised because it has directed the Court to apply the wrong legal standard, and otherwise ignore the import of the undisputed testimony given by the City's Chief Fiscal Officer.

### I. AUE's advances the wrong legal standard by incorrectly asserting that the *Hilton* four-factor test used for stays of injunctions under FRCP 62(c) applies to the money judgment in this case.

Nearly every one of AUE's arguments in opposition perches precariously upon a case from the Southern District titled *FDIC v. County of Westchester*. Based on this case, AUE argues that a certain four-factor test *must* be applied by the Court before exercising its discretion under Rule 62(d) to waive or reduce the amount of the *supersedeas* bond for the City. AUE makes this assertion as if this rule of law is well-settled, arguing that it would be "unprecedented" for the Court not to apply this four-factor test in this situation.

AUE's position is incorrect and misleading. AUE cites no case law from the Second Circuit applying the aforementioned four-factor test to a Rule 62(d) request. The only other case

cited by AUE is a Supreme Court case upon which the *Westchester* court relied—*Hilton v. Braunskill*, 481 U.S. 770 (1987). That case, however, holds only that the four-factor test applies to Rule 62(c) stays, not Rule 62(d) stays. *Id.* at 776.

AUE miscites this case in its brief by asserting that it holds that *Rule 62(d) motions* are also governed by the four-factor test. Nowhere in *Hilton v. Braunskill* is this holding found. And the distinction between the two subsections is important. Rule 62(c) applies to stays of orders or judgments involving *injunctions* – not money judgments. When viewed in this context, the *Hilton* four-factor test, which assesses the likelihood of success on the merits and irreparable harm, makes much more sense.[1] Indeed, every case cited by the Supreme Court in *Hilton* for use of this four-factor test was considering Rule 62(c) stays of injunctive relief.[2]

While it appears that the Southern District in *FDIC v. County of Westchester* misapplied *Hilton* to a Rule 62(d) request involving a money judgment, there is certainly no support for AUE's contention that *FDIC v. County of Westchester* states the law of this or any other circuit. In fact, the *Moore's Federal Practice* chapter addressing Rule 62 plainly establishes that the four-factor test is used only for stays of injunctions under Rule 62(c). *Moore's Federal Practice*, ¶ 62.06 [3] (Exhibit "A" at 62.16).

That same chapter, when discussing the standard for stays *under Rule 62(d)*, cites to the Seventh Circuit's decision in *Dillon v. Chicago*, 866 F.2d 902 (7th Cir. 1989) — the case cited by the City in its opening brief. *Moore's Federal Practice,* ¶ 62.03 [2] ("Situations in Which the

---

[1] These factors make little if any sense for a motion seeking a stay of a money judgment.

[2] *See id*. (citing *Virginia Petroleum Jobbers Assn. v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958) (considering a stay of an administrative order denying petitioner right to intervene); *Washington Metro. Area Comm'n v. Holiday Tours, Inc*., 559 F.2d 841, 842-44 (D.C. Cir. 1977) (staying an administrative permanent injunction); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (considering a stay of order directing parole hearings); *Accident Fund v. Baerwaldt*, 579 F. Supp. 724, 725 (W.D. Mich. 1984) (considering a Rule 62(c) stay after dismissal of case seeking injunction); and 11 C. Wright & A. Miller, Federal Practice and Procedure § 2904 (1973)).

Court May Waive Posting of Bond") (Exhibit "A" at 62.10). The non-exclusive criteria set forth in that case, and cited by *Moore's* as the appropriate legal standard, appropriately focus on the degree to which the judgment creditor will remain protected in the absence of a *supersedeas* bond. The *Dillon* decision—involving a money judgment— makes no mention of the four-factor test utilized to evaluate stays of injunctions. The Second Circuit cited *Dillon's* application of Rule 62(d) with approval in *F.D.I.C. v. Ann-High Associates*, 1997 WL 1877195, at *1 (2d Cir. 1997) ("A judgment debtor is entitled to a stay pending appeal upon posting a sufficient supersedeas bond. A district court may, in its discretion, grant a stay without requiring the posting of a bond if the appellant provides an acceptable alternative means of securing the judgment."); *see also Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) ("[A]n inflexible requirement of a bond would be inappropriate where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money.") (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)).

Thus, the correct standard for the Court's consideration of the City's motion under Rule 62(d) for stay of a money judgment is set forth in *Dillion*, and echoed in cases such as *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009). The four-factor analysis of *Hilton v. Braunskill* applies only to motions for governed by Rule 62(c) for stays of injunctions, as specifically set forth in its holding, and <u>not</u> stays under Rule 62(d) concerning money judgments.

This Court in *Cayuga Nation v. Pataki* recognized that the *Hilton* four-factor test probably did not apply to Rule 62(d) stays of enforcement. There, the United States Department of Justice took the position before the Court (as advanced by the City here) that a Rule 62(d) stay request did not require analysis of the four *Hilton* factors. 188 F. Supp. 2d at 251. Judge McCurn found this statement of the law by the Department of Justice to be valid,

notwithstanding his later application of the factors "out of an abundance of caution." *Id.* ("There is some validity to the U.S.' assertion that resolution of the stay issue does not require an analysis of the four Hilton factors."). This Court has correctly never held that it is *required* to apply the *Hilton* factors to a stay as a matter of right under Rule 62(d).

## II. The City's evidentiary submission shows that it is willing, able and legally obligated to satisfy the judgments entered against it.

AUE misrepresents the City's evidentiary submission by suggesting that the City has failed to show that it is willing and able to satisfy the judgment against it. Dkt. 148, pp. 9-11. This argument is in direct contravention of the unequivocal testimony of the City Commissioner of Finance and Chief Fiscal Officer that "[t]he City is currently solvent and able to satisfy all of its debts and obligations" and that *it is required* "under State and Local Law to satisfy all final civil judgments entered against it and is authorized by law to appropriate monies to satisfy such obligations." DelVecchio Decl. ¶¶ 4-5, dkt. 147-4.

Commissioner DelVecchio testified with specificity about the mechanism by which the City satisfies judgments that exceed current appropriations through the issuance of short-term bonds that are reimbursed through budgeted appropriations during the next fiscal year. *Id.* at ¶ 6. He testified regarding recent instances where the City has used this mechanism to fund short term obligations that greatly exceed the amount at issue here. *Id.* Finally, he testified that the City has never failed to satisfy a judgment against it in the past and "fully intends to satisfy the Judgment entered in this case." *Id.* at ¶ 7.

Mr. DelVecchio's testimony is unrebutted by AUE and is well sufficient to establish that AUE's ultimate ability to collect on the Judgment is reasonably secure. *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1155 56 (2d Cir. 1986) (where the court is satisfied that the judgment creditor's ability to collect the judgment following appeal is reasonably secure, the Court may

order a reduced bond or no bond at all); *Cayuga Indian Nation*, 188 F. Supp. 2d at 255 ("Given its status as a 'sovereign taxing entity' . . . the court is confident in the State's ability to pay the judgment herein.")

AUE's argument that it "could be waiting around indefinitely until the City decides, if at all, it would like to satisfy the judgment[,]" dkt. 148, pp. 15-16, amounts to little more than circular speculation and relies on an implausible interpretation of City Ordinance § 6-106 entirely in isolation and without legal or factual precedent. AUE's argument cannot be reconciled with the numerous ordinances and statutory provisions set forth in the City's opening brief, which clearly demonstrate that the City is required to satisfy all final judgments against it. Dkt. 147-1, p. 11, n. 3. In light of the City's unrebutted proof regarding its unquestioned ability and willingness to satisfy the Judgment in this case, the record establishes that AUE's interest in the Judgment will be entirely secure pending the appeal even without the posting of a *supersedeas* bond.

Finally, if the Court's determines that it is not willing to waive the bond requirement under Rule 62(d), the Court must nonetheless determine the appropriate amount of a *supersedeas* bond. Although the City maintains that it is appropriate in this instance to enter a stay without the requirement of a bond, it respectfully requests in the alternative that the Court set the amount of the *supersedeas* bond at no more than ten percent (10%) of the principal judgment amount, or some other lesser amount that the Court deems in its discretion is appropriate.

**DATED:** November 30, 2011

Respectfully submitted,

**HANCOCK ESTABROOK, LLP**

By: /s/ John G. Powers
John G. Powers, Esq. (Bar Roll No: 508934)
James P. Youngs, Esq. (Bar Roll No: 515029)
1500 AXA Tower I – 100 Madison Street

Syracuse, New York 13202
Telephone: (315) 565-4500
Facsimile: (315) 565-4600

**CITY OF SYRACUSE CORPORATION COUNSEL**
Mary Anne Doherty, Esq. (Bar Roll No: 511188)
City Hall – Room 301
233 East Washington Street
Syracuse, New York 13202
Telephone: (315) 448-8400

*Attorneys for Defendant*