# Chapter 62

## *Stay of Proceedings to Enforce a Judgment*

by Richard A. Posner*
updates by Thomas D. Rowe, Jr.**

## Scope of Chapter

This chapter provides guidance on how to obtain a stay of proceedings to enforce a judgment pursuant to Rule 62.

The amendment history of the Rule and relevant Advisory Committee Notes are set forth in the Historical Appendix to this chapter.

The interaction of Rule 62 with Rule 59, *New Trial; Altering or Amending a Judgment,* Rule 60, *Relief from a Judgment or Order,* Rule 50, *Judgment as Matter of Law in Jury Trial; Related Motion for a New Trial; Conditional Ruling* and Rule 52, *Findings and Conclusions by the Court; Judgment on Partial Findings* is discussed briefly. For a full discussion of these Rules the reader should refer to Chapters 59, 60, 50, and 52 respectively.

*SYNOPSIS*

*A. FUNCTION OF RULE*

**§ 62.01** **Text of Civil Rule 62**

**§ 62.02** **Automatic Stay**

**[1] No Execution or Proceedings for Enforcement Until 14 Days After Entry**

**[2] Cases in Which Automatic Stay Does Not Apply**

**[a] Injunctions**

**[b] Receivership Actions and Patent Accountings**

**§ 62.03** **Granting of Stay Pending Appeal**

* Richard A. Posner is the Chief Judge of The United States Court of Appeals for the Seventh Circuit.

Judge Posner would like to acknowledge the contribution of Ellen A. Marcus, a member of the New York and New Jersey Bars, in preparing this chapter. This chapter was originally written for MOORE'S FEDERAL PRACTICE by Professor James Wm. Moore.

** Thomas D. Rowe, Jr., is Elvin R. Latty Professor of Law Emeritus, Duke University, where he taught Civil Procedure, Complex Civil Litigation, and Federal Courts through 2007.

[1] Posting of Supersedeas Bond
[2] Situations in Which Court May Waive Posting of Bond
[3] Types of Cases in Which Stay Is Available
[a] Money Judgments
[b] Non-Money Judgments
§ 62.04 Granting of Stay Pending Motion for New Trial or for Judgment
§ 62.05 Granting of Stay Pursuant to State Law
§ 62.06 Suspending, Modifying or Granting Injunctions Pending Appeal
[1] Within Discretion of Court in Order to Maintain Status Quo of Parties
[2] District Court Does Not Have Power to Dissolve Injunction
[3] Four Criteria to Be Used by Court in Deciding Motion
[4] Appeal From Judgment Rendered by Three Judge District Court
§§ 62.07–62.19 [Reserved]

*B. PROPER FORUM AND EFFECT OF GRANTING OF STAY ON APPELLATE COURT POWERS*

§ 62.20 Motion for Stay Should be Filed in District Court
§ 62.21 Granting of Stay Does Not Limit Appellate Court Powers
§§ 62.22–62.29 [Reserved]

*C. SPECIAL CLAIMS AND PARTIES*

§ 62.30 United States Government or Agency as Party
§ 62.31 Multiple Claims and Multiple Parties
§ 62.32 Applicability to Bankruptcy Cases
§§ 62.33–62.40 [Reserved]

*HISTORICAL APPENDIX*

*A. LEGISLATIVE HISTORY OF RULE 62*

§ 62App.01 Original Rule 62
[1] General History
[2] Original Committee Notes of 1937
[a] Original Committee Note of 1937 to Subdivision (a)
[b] Original Committee Note of 1937 to Subdivision (b)
[c] Original Committee Note of 1937 to Subdivision (c)
[d] Original Committee Note of 1937 to Subdivision (d)
[e] Original Committee Note of 1937 to Subdivision (e)
[f] Original Committee Note of 1937 to Subdivision (f)
[g] Original Committee Note of 1937 to Subdivision (h)
§ 62App.02 1946 Amendment to Rule 62
[1] Additional Committee Note of 1946 to Subdivision (a)
[2] Text of 1946 Amended Subdivision (b)

[3] Committee Note of 1946 to Amended Subdivision (b)

[4] Original Committee Note of 1946 to Subdivision (h)

§ 62App.03 1948 Amendment to Rule 62

[1] Text of 1948 Amended Subdivision (g)

[2] Committee Note of 1948 to Amended Subdivision (g)

§ 62App.04 1961 Amendment to Rule 62

[1] Text of 1961 Amended Subdivision (h)

[2] Committee Note of 1961 to Amended Subdivision (h)

§ 62App.05 1987 Amendment to Rule 62

[1] Text of 1987 Amendment

[2] Advisory Committee Note of 1987 to Amendment

§ 62App.06 2007 Amendment to Rule 62

[1] Text of 2007 Amendment

[2] Committee Note of 2007 to Amendment

§ 62App.07 2009 Amendment to Rule 62

[1] Text of 2009 Amendment

[2] Committee Note to 2009 Amendment

### A. *FUNCTION OF RULE*

### § 62.01 Text of Civil Rule 62

**Rule 62. Stay of Proceedings to Enforce a Judgment**

(a) **Automatic Stay; Exceptions for Injunctions, Receiverships, and Patent Accountings.** Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:

(1) an interlocutory or final judgment in an action for an injunction or a receivership; or

(2) a judgment or order that directs an accounting in an action for patent infringement.

(b) **Stay Pending the Disposition of a Motion.** On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions:

(1) under Rule 50, for judgment as a matter of law;

(2) under Rule 52(b), to amend the findings or for additional findings;

(3) under Rule 59, for a new trial or to alter or amend a judgment; or

(4) under Rule 60, for relief from a judgment or order.

(c) **Injunction Pending an Appeal.** While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:

(1) by that court sitting in open session; or

(2) by the assent of all its judges, as evidenced by their signatures.

(d) **Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

(e) **Stay Without Bond on an Appeal by the United States, Its Officers, or Its Agencies.** The court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government.

*(Text continued on page 62-5)*

(f) **Stay in Favor of a Judgment Debtor Under State Law.** If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

(g) **Appellate Court's Power Not Limited.** This rule does not limit the power of the appellate court or one of its judges or justices:

(1) to stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending; or

(2) to issue an order to preserve the status quo or the effectiveness of the judgment to be entered.

(h) **Stay with Multiple Claims or Parties.** A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.

[*Adopted 1937; last amended March 26, 2009, effective December 1, 2009.*]

## § 62.02 Automatic Stay

### [1] No Execution or Proceedings for Enforcement Until 14 Days After Entry

Rule 62(a) states that no action may be taken to execute or enforce a judgment until 14 days have passed after its entry.[1] This subsection is designed to provide the losing party with a period of time within which to decide whether to pursue available post-judgment motions or remedies, such as an appeal.[2] Because the 14-day stay is automatic, no action need be taken by the losing party to obtain such relief.

The 14-day period is computed by excluding the date of entry of the judgment that triggers the period.[3] The next 14 days are counted, including intermediate Saturdays, Sundays, and legal holidays.[3.1] The last day of the period is included, unless it is a Saturday, Sunday, or legal holiday, in which case the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday.[3.2] Once the period of the stay ends, unless the losing party takes some form of action to stay enforcement or execution, the winning party may proceed to enforce or execute the judgment.[4] The filing of an appeal alone, without a request for a stay, will not protect the appealing party from execution or enforcement during the pendency of the appeal.[5]

### [2] Cases in Which Automatic Stay Does Not Apply

#### [a] Injunctions

There are three types of cases in which the automatic stay of Rule 62(a) does not apply. The most common is an interlocutory or final judgment in an action for an

---

[1] Fed. R. Civ. P. 62(a).

[2] **Purpose of automatic stay.** United States v. One 1962 Ford Galaxie Sedan, 41 F.R.D. 156, 157 (S.D.N.Y. 1966) (automatic stay period affords litigant opportunity to invoke stay protection of Rule 62; motion for order staying execution of dismissal denied where movant failed to file notice of appeal within automatic stay period) (citing **Moore's**).

[3] Fed. R. Civ. P. 6(a)(1)(A); *see* Ch. 6, *Computing and Extending Time: Time for Motion Papers.*

[3.1] Fed. R. Civ. P. 6(a)(1)(B); *see* Ch. 6, *Computing and Extending Time: Time for Motion Papers.*

[3.2] Fed. R. Civ. P. 6(a)(1)(C); *see* Fed. R. Civ. P. 6(a)(6) (defining "legal holiday"); *see also* Ch. 6, *Computing and Extending Time: Time for Motion Papers.*

[4] **When stay terminates.** Garrick v. Weaver, 888 F.2d 687, 695 (10th Cir. 1989) (generally, party obtaining judgment can execute such following automatic stay; however, attempt to execute upon funds in registry of court, although made after expiration of stay was improper without court order).

[5] **Failure to request stay.** BASF Corp. v. Old World Trading Co., 979 F.2d 615, 616 (7th Cir. 1992) (appealing party is required to request stay or suffer possibility of execution during appeals process).

| | |
|---|---|
| *1st Circuit* | MacMann v. Titus, 819 F.2d 8, 9 (1st Cir. 1987) (government sale of property in dispute during pendency of appeal was proper in absence of stay order that should have been secured under Rule 62). |
| *7th Circuit* | BASF Corp. v. Old World Trading Co., 979 F.2d 615, 616 (7th Cir. 1992) (appealing party is required to request stay or suffer possibility of execution during appeals process). |

injunction.[6] Cases of this nature are specifically covered by Rule 62(c). For a full discussion of the court's discretion in this area, *see* § 62.06.

### [b] Receivership Actions and Patent Accountings

The other two types of cases in which the automatic stay does not apply are receivership actions and judgments or orders directing an accounting in an action for infringement of a patent. In such cases, unless the court specifically orders a stay, the prevailing party may immediately upon entry of judgment take steps to enforce or execute their judgment even if the opposing party appeals.[7] The decision to grant a stay in these cases is within the discretion of the court, and the court's decision to grant or deny the stay may therefore be overturned on appeal only if shown to be an abuse of discretion.

## § 62.03 Granting of Stay Pending Appeal

### [1] Posting of Supersedeas Bond

An appealing party is entitled to a stay of enforcement as a matter of right under Rule 62(d) if a supersedeas bond is filed with the court.[1] However, if there is no right to appeal, the district court has no duty to grant a stay on the filing of a supersedeas bond. For example, an interlocutory order may be appealable not of right, but at the discretion of the circuit court, depending on whether the circuit court determines that the order was intertwined with an appealable injunctive order. In such a case, the filing of a supersedeas bond will not automatically entitle the appellant to a stay.[1.1]

The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.[2] There does not appear to be a specific time limitation within which the bond must be posted; however, logic would dictate that the bond should be posted as soon as practicable in order to protect a party against execution after the automatic stay has elapsed. The stay takes effect when the court approves the bond.[3]

The filing of the bond does not have a retroactive effect. Thus, any enforcement action or execution had on the judgment before the stay becomes effective is not automatically set aside or rendered void even after the stay becomes effective.[3.1]

---

[6] Fed. R. Civ. P. 62(a)(1).

[7] Fed. R. Civ. P. 62(a)(1), (2).

[1] **Stay as a matter of right.** Fed. R. Civ. P. 62(d); Federal Prescription Serv. v. American Pharmaceutical Ass'n., 636 F.2d 755, 760–761, 205 U.S. App. D.C. 47 (D.C. Cir. 1980) (appealing party may obtain stay as matter of right upon filing supersedeas bond with court, however, court may dispense with bond requirement under certain circumstances).

[1.1] **If there is no right to appeal, district court has no duty to grant stay on filing of bond.** Law v. NCAA, 134 F.3d 1025, 1030 (10th Cir. 1998) (appellant's proper course of action would have been to seek stay in district court, and then in circuit court if district court refused stay, under Fed. R. App. P. 8).

[2] Fed. R. Civ. P. 62(d).

[3] Fed. R. Civ. P. 62(d).

[3.1] **Stay does not set aside or void enforcement had prior to stay.** *See, e.g.*, Moses v. K-Mart Corp.,

Rule 62 is silent as to the amount or other qualities of a supersedeas bond that will be necessary to obtain court approval.[4] However, the pre-1968 version of Rule 73(d) set out what was and still is the practice required in many state courts and is, in effect, the practice in most federal district courts. That rule, before its 1968 abrogation, required that the supersedeas bond be a surety bond, and that it be for the full amount of the judgment plus interest, costs, and an estimate of any damages attributed to the delay.[5]

If a surety bond is required, the question of who is an acceptable surety is, for the most part, a matter of statute.[6] However, mere compliance with the statutory requirements for qualification of a surety does not guarantee that the court will accept a bond from a duly registered surety if it has some reason for believing that the surety could or would not promptly pay the bonded amount.[7] Some courts, but not all, will accept bonds secured by individuals rather than duly registered corporate sureties.[7.1]

As for the proper amount of the bond, this is generally within the court's discretion, although in the absence of a specific local rule on the topic, the court will generally require that a supersedeas bond be at least for the full amount of the judgment.[7.2] This practice is consistent with the rationale for requiring the bond, which is to protect the interests of the judgment creditor who is being stayed from execution pending the outcome of the appeal.[7.3] Some courts have allowed the posting of a bond for less than the full judgment when requiring the appealing party to post a full bond will jeopardize

922 F. Supp. 600, 604 (S.D. Fla. 1996) (Fed. R. Civ. P. 62(d) "does not allow a defendant to sit back, wait for plaintiff to execute judgment, and then post a supersedeas bond with the full expectation that any seized assets will be promptly returned"); Imperial Commodities Corp. v. S.S. Maria Auxiliadora, 115 F.R.D. 305, 307–308 (S.D.N.Y. 1987).

[4] *See* Fed. R. Civ. P. 62.

[5] *See former* Fed. R. Civ. P. 73(d).

[6] *See* 31 U.S.C. §§ 9304–9306.

[7] **Court may not approve surety.** *See* American Druggists Ins. Co. v. Bogart, 707 F.2d 1229, 1233 (11th Cir. 1983) (in case challenging court's refusal to accept bail bonds from corporate sureties duly registered with Secretary of Treasury under statutory procedures, court stated that "even if corporate surety has been approved by the Secretary of the Treasury, the court may refuse a bond proffered by the surety if it has reason to doubt the surety's willingness to secure the defendant's presence").

[7.1] *See, e.g.,* Local Rules, S.D.N.Y. & E.D.N.Y., Civ. Rule 65.1.1(b) (deposit of government securities, surety bond by duly registered surety, or bond secured by two individual sureties each of whom owns double the bond amount in real or personal property in the district will all be acceptable as supersedeas bonds); Local Rules, N.D. Cal., Civ. L.R. 65.1-1(b) (court will accept corporate sureties duly registered with Secretary of Treasury, or under laws of State of California, or by two natural persons who are residents of district each of whom must own executable property within the district and whose combined executable property must be sufficient to cover full amount of bond).

[7.2] **Usual amount of bond.** *See, e.g.,* Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979) (if court is to permit posting of bond in amount less than full judgment, burden is on moving party to show reason for departure from normal practice).

[7.3] **Rationale for bond requirement.** Federal Prescription Serv. v. American Pharm. Ass'n, 636 F.2d 755, 760, 205 U.S. App. D.C. 47 (D.C. Cir. 1980) (purpose of bond is to secure prevailing party from loss resulting from delay in execution).

the interests of the appealing party's other creditors.[7.4] However, many courts do have specific local rules specifying the formula for calculating the exact amount of the supersedeas bond that should be posted.[7.5] Nonetheless, even in those courts that have local rules that specify exactly how the amount of the bond is calculated, the court always has discretion to set a lower (or higher) bond for good cause shown.[7.6]

Also, courts in their discretion have allowed alternate forms of security other than a bond, when adequate equivalent security is provided and the appealing party can show that the judgment creditor's recovery is not in jeopardy.[8] For example, the Seventh Circuit allowed a pledge of cash, accounts receivables, and the granting of a security interest in the appealing party's company to serve as an alternate form of security when the posting of a bond was not practicable.[9]

Lastly, after the appeal process is completed, should the supersedeas bond be inadequate to cover the ultimate liability of the appealing party, the full judgment

---

[7.4] **Bond for less than full amount of judgment.** *See* Olympia Equip. Leasing Co. v. Western Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986) (inflexible bond requirement would be inappropriate where it would jeopardize rights of defendant's other creditors, therefore, alternative security allowed).

[7.5] *See, e.g.,* Local Rules, D. Mass., LR 62.2 (supersedeas bond must be for full amount of judgment plus 10 percent to cover interest and delay damages, plus a $500 fee to cover estimated costs).

[7.6] **Court has discretion.** *See, e.g.,* Local Rules, N.D. Ill., LR 62.1 (bond amount fixed by local rules "is without prejudice to any party's right to seek timely judicial determination of a higher or lower amount"); Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart Inc., 600 F.2d 1189, 1191 (5th Cir. 1979) (burden is on party seeking departure from normal rule of requiring bond in full amount of judgment).

[8] **Security other than bond.** *See* Miami Int'l. Realty Co. v. Paynter, 807 F.2d 871, 873–874 (10th Cir. 1986) (court did not err in granting stay without full supersedeas bond; escrow of lesser amount than full judgment plus injunction against transfer of assets was sufficient security).

| | |
|---|---|
| *10th Circuit* | *See* Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873–874 (10th Cir. 1986) (court did not err in granting stay without full supersedeas bond; escrow of lesser amount than full judgment plus injunction against transfer of assets was sufficient security). |
| *11th Circuit* | *See* Advanced Estimating Sys., Inc. v. Riney, 171 F.R.D. 327, 328 (S.D. Fla. 1997) (copyright not acceptable as security because court had no way of knowing whether sale of copyright would raise sufficient funds to cover judgment or whether copyright would maintain its value until end of appeal). *But see* Venus Lines Agency v. CVG Industria Venezolana de Aluminio, C.A., 210 F.3d 1309, 1314 (11th Cir. 2000) (Rule 62(d) authorizes only supersedeas bonds and does not empower district court to use "release bond" as substitute for attached property; in this particular case, however, release bond was authorized under Rule E(5)(a) of Supplemental Rules for Certain Admiralty and Maritime Claims [retitled in 2006 as Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; *see* Fed. R. Civ. P., Supp. Rule E(5)(a)]). |

[9] **Cash and account receivables as security.** *See* Olympia Equip. Leasing Co. v. Western Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986) (district court decision to allow appealing party to pledge cash and accounts receivable as well as granting of security interest in lieu of supersedeas bond upheld).

obligation of the losing party remains intact.[10]

### [2] Situations in Which Court May Waive Posting of Bond

While the posting of a bond results in a stay as a matter of right, this does not mean that the posting of a bond will be required in every case in which a stay pending appeal is requested.[10.1] The court, within its discretion, may dispense with the posting of a bond. Courts have used the following criteria in making their decision:

- the complexity of the collection process;
- the amount of time required to obtain a judgment after it is affirmed on appeal;
- the degree of confidence that the district court has in the availability of funds to pay the judgment;
- the defendant's ability to pay the judgment is so obvious that to require a bond would be a waste of money; and
- whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.[11]

In cases where the appealing party is highly solvent and it appears that payment can be made quickly after a loss on appeal, the court has readily decided to waive this requirement.[12] The bond requirement has also been waived in cases where the judgment is so large that requiring the appealing party to post a bond would jeopardize the rights of the appealing party's other creditors.[13]

---

[10] **Bond amount inadequate upon disposition.** *See* Burghart v. Frisch's Restaurants, Inc., 865 F.2d 1162, 1163 (10th Cir. 1989) (posting of bond in amount less than full judgment does not reduce judgment obligation of losing party).

[10.1] **Bond not required in every case.** Arban v. West Publ'g Corp., 345 F.3d 390, 409 (6th Cir. 2003) (although Fed. R. Civ. P. 62(d) provides that party who files qualifying bond will be entitled to stay, Rule in no way implies that filing of bond is only way to obtain stay).

[11] **Criteria for waiver.** Dillon v. Chicago, 866 F.2d 902, 904–905 (7th Cir. 1989) (enumerates five criteria required to waive posting of bond).

[12] **Waiver of bond requirement.** Dillon v. Chicago, 866 F.2d 902, 905 (7th Cir. 1989) (where appealing party proved that payment upon loss of appeal would be made within thirty days from guaranteed source, court's decision to waive bond requirement upheld).

| | |
|---|---|
| *7th Circuit* | Dillon v. Chicago, 866 F.2d 902, 905 (7th Cir. 1989) (where appealing party proved that payment upon loss of appeal would be made within thirty days from guaranteed source, court's decision to waive bond requirement upheld). |
| *D.C. Circuit* | Federal Prescription Serv. v. American Pharmaceutical Ass'n, 636 F.2d 755, 761, 205 U.S. App. D.C. 47 (D.C. Cir. 1980) (where documented net worth of judgment debtor was 47 times amount of judgment, and it was clear that judgment debtor had ties to community and was not likely to flee to avoid execution, court's decision to waive bond requirement appropriate). |

[13] **Bond requirement waived.** *See* Olympia Equip. v. Western Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986) (where posting of $36 million bond would put defendant's other creditors in undue jeopardy, court allowed a form of security other than supersedeas bond).

Another instance in which the posting of a bond will not be required is when the appealing party is the United States government or an agent of the government. For a full discussion of this situation, *see* § 62.03.

A situation in which certain circuits have split with regard to whether a bond will be required to obtain a stay pending appeal is when the prevailing party has appealed the lower court's judgment. For example, the Fourth Circuit has held that where the prevailing party has already filed an appeal of the lower court judgment, the losing party need not post a bond upon the filing of its own appeal in order to stay execution.[14] However, other circuits have held to the contrary. The Seventh Circuit has held that an appeal by the prevailing party will suspend enforcement without the posting of a bond only when the theory of appeal is inconsistent with enforcement.[15] For example, where the appealing party was attempting to obtain specific performance in lieu of damages the party cannot at the same time attempt to execute on the damages judgment obtained in the lower court.[16] The Fifth Circuit has declined to follow this reasoning and has held that the losing party must post a bond in order to stay enforcement, even if it is the prevailing party who is pursuing the appeal.[17]

The First Circuit has held that on appeal by the prevailing party, the appellee must post a supersedeas bond in order to stay enforcement during the appeal, if the appeal is not inconsistent with immediate enforcement of the judgment as it stands. For example, a prevailing party might appeal the district court's order denying prejudgment interest. Because such an appeal seeks to increase the judgment, it is not inconsistent with immediate enforcement of the judgment and does not automatically suspend enforcement. Therefore, if the appellee wishes to delay enforcement, he or she must post a supersedeas bond in accordance with Rule 62(d).[17.1]

The district court's decision to waive the bond requirement will be reversed by the court of appeals only if it is found that the judge acted unreasonably.[18]

---

[14] **Bond requirements when prevailing party appeals.** Tennessee Valley Auth. v. Atlas Mach. & Iron Works, Inc., 803 F.2d 794, 797 (4th Cir. 1986) (where prevailing party is first to appeal, losing party will not be required to file supersedeas bond upon its motion to appeal because execution of judgment has been superseded by prevailing party's appeal).

[15] **Theory of appeal inconsistent with enforcement.** *See* BASF v. Old World Trading Corp., 979 F.2d 615, 617 (7th Cir. 1992) (in order for prevailing party's appeal to suspend enforcement without posting of bond, theory of appeal must be inconsistent with enforcement).

[16] **Inconsistent positions.** *See* Northern Indiana Pub. Serv. Co. v. Carbon County Coal Co., 799 F.2d 265, 281 (7th Cir. 1986) (bond requirement waived where theory on appeal was inconsistent with enforcement of lower court judgment).

[17] **Bond must be posted regardless.** *See* Enserch Corp. v. Shand Morahan & Co., 918 F.2d 462, 464 (5th Cir. 1990) (regardless of whether prevailing party is appealing, losing party required to post bond according to Rule 62(d) in order to obtain stay as matter of right).

[17.1] **Appellee must post bond to delay enforcement, if appeal is consistent with immediate enforcement of judgment.** Trustmark Ins. Co. v. Gallucci, 193 F.3d 558, 558–559 (1st Cir. 1999) (prevailing party's appeal does not automatically suspend enforcement of judgment unless theory of appeal is inconsistent with enforcement during pendency of appeal).

[18] **Appealing waiver of bond requirement.** Lightfoot v. Walker, 797 F.2d 505, 507 (7th Cir. 1986)

### [3] Types of Cases in Which Stay Is Available

#### [a] Money Judgments

Traditionally, a stay pending appeal has been granted in cases in which the appeal is from a money judgment.[19] The posting of a bond compensates the judgment creditor for the delay in execution and protects against the risk of the judgment being uncollectible after the completion of the appeal.[20] Therefore, the bond is perfectly suited to provide the judgment creditor with the security needed when facing a lengthy appeals process.

#### [b] Non-Money Judgments

Since the purpose of requiring a bond is to assure that if the appeal is unsuccessful there will be adequate funds available to pay the judgment, the Rule 62 stay is best suited for cases in which money judgments are involved. The application of the automatic stay to cases involving non-money judgments, therefore, has been found to be an ill-suited remedy in certain situations.[21] Nevertheless, courts have granted stays in certain cases in which the appeal is not from a money judgment as long as the court finds that the bond will protect the winner from subsequent harm during the appellate delay.[22] However, when the posting of a bond will not protect the rights of the non-appealing party, even if the appealing party is willing to post a bond, the stay will not be granted.[23]

---

(court's decision to waive bond will be overturned only upon showing of abuse of discretion by district court).

[19] **Appeals from money judgments.** Hebert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir. 1992) (courts have traditionally restricted application of Rule 62 stays to appeals from money judgments only; losing party entitled to automatic stay from declaratory judgment involving money payment).

| | |
|---|---|
| *5th Circuit* | Hebert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir. 1992) (courts have traditionally restricted application of Rule 62 stays to appeals from money judgments only; losing party entitled to automatic stay from declaratory judgment involving money payment). |
| *7th Circuit* | *See* Cleveland Hair Clinic, Inc. v. Puig, 104 F.3d 123, 125 (7th Cir. 1997) (appealable order for payment of money may be stayed even though order is not *judgment*; "We cannot imagine any reason why a party's ability to obtain a stay by posting a bond should depend on entry of the final judgment, rather than entry of an appealable order requiring payment"). |

[20] **Rationale for application to money judgments.** Donovan v. Fall River Foundry Co., 696 F.2d 524, 526 (7th Cir. 1982) (Rule 62 bond requirement aimed at calculable money judgments, not at orders to do certain acts, costs of which are not easily measured) (citing **Moore's**).

[21] **Non-money judgments.** *See* FTC v. TRW Inc., 628 F.2d 207, 210 (D.C. Cir. 1980) (district court granted stay of enforcement of subpoena duces tecum, and appellate court refused to review its propriety).

[22] **Stay applied to non-money judgment.** J. Perez & CIA., Inc. v. United States, 747 F.2d 813, 815 (1st Cir. 1984) (supersedeas bond posted in action suspending grocer from federal food stamp program; district court has power under Rule 62 to grant stay to protect winner from subsequent harm suffered during appeals process whether or not judgment is monetary in nature).

[23] **Stay not applied to non-money judgment.** NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988)

## § 62.04 Granting of Stay Pending Motion for New Trial or for Judgment

Rule 62(b) allows the court to stay the execution of a judgment pending disposition of certain post-trial motions, such as a motion for a judgment as a matter of law made pursuant to Rule 50, to amend the findings or for additional findings made pursuant to Rule 52(b), for a new trial or to alter or amend a judgment made pursuant to Rule 59, or for relief from a judgment or order made pursuant to Rule 60.[1] Rule 62(b) allows the entry of the judgment immediately after trial while still providing protection from execution to the appealing party pending the outcome of their post-trial motion. The decision to grant the stay is within the court's discretion and the court may require the requesting party to provide security pending the outcome of the motion.[2]

## § 62.05 Granting of Stay Pursuant to State Law

Rule 62(f) provides another instance in which an appealing party will be entitled to a stay of execution pending post-trial motions. The judgment debtor is entitled to a stay of execution under subsection (f) if, had the action been brought in state court, the judgment would result in a lien on the property of the judgment debtor and the judgment debtor would be entitled to a stay pursuant to state law.[1] The judgment debtor must make a motion in the district court to obtain the stay, even if a motion would not be necessary to obtain the stay had the judgment been entered in state court.[1.1] Whether the appealing party will be required to post a bond is determined by state law.[2]

A judgment must constitute a lien on the real property of the party seeking the stay for state law to apply under Rule 62(f). In most states, a judgment may become a lien on the judgment debtor's real property, but it is not automatically so in many states. For example, in California, a judgment may become a lien on the real property of the

---

(defendant's motion for stay upon issuance of bond was denied in case involving appeal from subpoena compliance order).

| | |
|---|---|
| *7th Circuit* | Donovan v. Fall River Foundry Co., 696 F.2d 524, 527 (7th Cir. 1982) (appealing party not entitled to stay upon posting of bond in contempt proceeding for failure to obey inspection warrant; Rule 62 bond requirement aimed at calculable money judgments not at orders to do certain acts, cost of which are not easily measured) (citing **Moore's**). |
| *9th Circuit* | NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988) (defendant's motion for stay upon issuance of bond was denied in case involving appeal from subpoena compliance order). |

[1] Fed. R. Civ. P. 62(b)(1)–(4).

[2] Fed. R. Civ. P. 62(b).

[1] Fed. R. Civ. P. 62(f).

[1.1] **Motion required for issuance of stay.** Whitehead v. Food Max, Inc., 277 F.3d 791, 793–795 (5th Cir. 2002) (even if stay is automatic in state court, federal judgment debtor must assert right to stay by filing proper motion in district court).

[2] **Bond requirement determined by state law.** *See* Hoban v. Washington Metro. Area Transit Auth., 841 F.2d 1157, 1159 (D.C. Cir. 1988) (defendant need not post bond where state court rule provides that appealing party need not post bond to obtain stay) (citing **Moore's**).

judgment debtor, but only after the judgment creditor files an abstract of the judgment in the real property records in the county in which the real property is located.[3] Some courts have ruled that this need to file in order to obtain the lien means that the lien does not meet the requirements of Rule 62(f).[4] Most other courts, examining similar state judgment lien provisions, have similarly concluded that if a judgment creditor needs to perform more than "ministerial acts" to make the lien effective under the state's lien law, the state's lien law fails to provide for a judgment lien sufficient to satisfy Rule 62(f).[5] Not all courts have reached this same conclusion, however. Some courts do allow state law to apply under Rule 62(f) when the judgment will create a lien on real property if the judgment creditor makes the appropriate filing.[6]

State law is not applicable, and no one would seek the application of state law under Rule 62(f), unless it provides for a stay of enforcement of a judgment.[7] However, the party seeking the application of state law must make certain that the stay under state law is truly applicable. For example, in one case New York state law provided for a stay without bond for judgments against parties who were defended by insurance companies and insured for the full amount of the judgment. However, a life insurer could not invoke this state-law provision for a judgment against itself in a suit brought by its own insured.[8]

## § 62.06 Suspending, Modifying or Granting Injunctions Pending Appeal

### [1] Within Discretion of Court in Order to Maintain Status Quo of Parties

An interlocutory or final judgment in an action for an injunction is exempted from the automatic-stay period.[1] Therefore, a district court judgment involving an injunction is immediately enforceable regardless of whether an appeal is being pursued by the losing party.[2] However, under Rule 62(c), a district court has the power to suspend,

---

[3] *See* Cal. Civ. Proc. Code §§ 674, 697.310.

[4] **Need to file to obtain lien does not meet Rule 62(f) requirements.** Aldasoro v. Kennerson, 915 F. Supp. 188, 190–191 (S.D. Cal. 1995); *accord* Ribbens Int'l, S.A. de C.V. v. Transport Int'l Pool, Inc., 40 F. Supp.2d 1141, 1143 (C.D. Cal. 1999).

[5] **Need to perform more than "ministerial acts" does not meet Rule 62(f) requirements.** FDIC v. Ann-High Assocs., 1997 U.S. App. LEXIS 35547, at *8-9 (2d Cir. 1997) (citing *Elias Bros. Restaurants, Inc. v. Acorn Enter. Inc.*, 931 F. Supp. 930, 938–939 (D. Mass. 1996)).

[6] **Some courts apply state law even if filing is required to create lien.** *See, e.g.*, Smith v. Maywood, 1991 U.S. Dist. LEXIS 19625, at *3 (N.D. Ill. 1991) ("the judgment entered in favor of Smith would be a lien upon Maywood's real estate once Smith files a certified copy of the judgment in the office of the Recorder of Cook County").

[7] **State law must provide for stay.** *See, e.g.*, Hoban v. Washington Metro. Area Transit Auth., 841 F.2d 1157, 1159, 268 U.S. App. D.C. 332 & n.6 (D.C. Cir. 1988) (defendant sought to invoke D.C. law, which provided for stay on appeal without posting of bond).

[8] **Stay must be applicable under state law.** Marahan v. Berkshire Life Ins. Co., 948 F. Supp. 261, 262–263 (W.D.N.Y. 1996).

[1] Fed. R. Civ. P. 62(a)(1).

[2] **Judgment involving injunction immediately enforceable.** Duncan v. Farm Credit Bank, 940 F.2d 1099, 1103 (7th Cir. 1991) (unless stay is obtained pending motion for appeal, final judgment in action

modify, restore, or grant an injunction during the pendency of an appeal from an interlocutory or final judgment that grants, dissolves, or denies an injunction.[2.1] The court, within its discretion, may require the posting of a bond or some other form of security to protect the opposing party's rights.[3]

Most of the circuits agree that the district court should only take action pursuant to Rule 62(c) in an effort to maintain the status quo of the parties pending the outcome of the appeal.[3.1] *Maintaining the status quo* means that a controversy will still exist once the appeal is heard. Any action on the district court's part which has the effect of divesting the court of appeals of its jurisdiction over the matter, by eliminating the controversy prior to the hearing of the appeal, is inappropriate.[4]

However, the Third Circuit has been willing to grant relief that alters the status quo if it protects the integrity of the appellate proceedings by ensuring that there will be a controversy for which some form of relief may be granted once the appeal is finally heard.[5]

---

for injunction is immediately enforceable upon entry of judgment).

[2.1] **District court may suspend, modify, restore, or grant injunction during appeal.** Mayweathers v. Newland, 258 F.3d 930, 935–936 (9th Cir. 2001) (district court may enter second preliminary injunction on expiration of first injunction, while appeal of first injunction is pending, if second injunction is identical to first and does not materially alter status of case on appeal); Natural Resources Defense Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (district court's power under Fed. R. Civ. P. 62(c) to modify injunction while appeal is pending is exception to usual rule that district court loses jurisdiction over matters being appealed).

[3] Fed. R. Civ. P. 62(c).

[3.1] **District court should take action under Rule 62(c) only to preserve status quo.** Mayweathers v. Newland, 258 F.3d 930, 935–936 (9th Cir. 2001) (district court may enter second preliminary injunction on expiration of first injunction, while appeal of first injunction is pending, if second injunction is identical to first and does not materially alter status of case on appeal); Natural Resources Defense Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166–1168 (9th Cir. 2001) (district court may modify injunction while appeal is pending, if modification preserves status quo and does not materially alter status of case on appeal).

[4] **Purpose to maintain status quo.** *See* Coastal Corp. v. Texas E. Corp., 869 F.2d 817, 820–821 (5th Cir. 1989) (court's power pursuant to Rule 62 should be exercised only to maintain status quo of parties pending appeal; district court's action dissolving preliminary injunction was unnecessary to maintain status quo of parties in light of stay of injunction granted by court of appeals).

| | |
|---|---|
| *5th Circuit* | *See* Coastal Corp. v. Texas E. Corp., 869 F.2d 817, 820–821 (5th Cir. 1989) (court's power pursuant to Rule 62 should be exercised only to maintain status quo of parties pending appeal; district court's action dissolving preliminary injunction was unnecessary to maintain status quo of parties in light of stay of injunction granted by court of appeals). |
| *9th Circuit* | *See* A&M Records, Inc. v. Napster, Inc., 284 F.3d 1091, 1099 (9th Cir. 2002) (while preliminary injunction is on appeal, district court lacks jurisdiction to modify injunction in a manner that finally adjudicates substantial rights directly involved in appeal). |

[5] **Status quo altered.** Ortho Pharmaceutical Corp. v. Amgen, Inc., 887 F.2d 460, 464 (3d Cir. 1989) (district court's modification of preliminary injunction, while altering status quo of parties, was necessary to preserve integrity of appeal).

### [2] District Court Does Not Have Power to Dissolve Injunction

While Rule 62(c) gives the district court the authority to suspend, modify, restore, or grant an injunction pending appeal, it does not confer upon the court the power to dissolve an injunction.[6]

### [3] Four Criteria to Be Used by Court in Deciding Motion

The courts have outlined a four-part test of whether an injunction should be granted, amended, modified, or suspended pursuant to Rule 62(c). The criteria are identical to those used in determining whether motions for injunctive relief of any nature will be granted. The four factors the petitioner must show are:

(1) the likelihood of prevailing on the merits on appeal;

(2) the likelihood of suffering irreparable injury if the stay is denied;[6.1]

(3) the other parties involved will not be substantially harmed by the granting of the stay; and

(4) the granting of the stay will serve the public interest.[7]

The Fifth Circuit has held that the four factors need not be applied rigidly. In a case involving a serious legal question, the moving party need only present a substantial case on the merits and show that the balance of equities weighs heavily in favor of granting the stay in order to be successful.[8] However, a showing of a substantial case

---

[6] **Court cannot dissolve injunction.** *See* Coastal Corp. v. Texas E. Corp., 869 F.2d 817, 820 (5th Cir. 1989) (district court cannot have power to dissolve injunction pending appeal, for to do so would divest court of appeals of jurisdiction).

[6.1] **Likelihood of irreparable injury.** Rodriguez v. DeBuono, 162 F.3d 56, 62 (2d Cir. 1998) (generally, district court's stay of preliminary injunction pending appeal will be logically inconsistent with court's prior finding of imminent, irreparable harm to plaintiff in issuing that same preliminary injunction).

[7] **Four criteria.** Drummond v. Fulton County Dep't of Family & Children's Servs., 532 F.2d 1001, 1002 (5th Cir. 1976) (citing *Beverly v. United States*, 468 F.2d 732, 741 n.13 (5th Cir. 1972)).

| | |
|---|---|
| *3d Circuit* | Bank of Nova Scotia v. Pemberton, 964 F. Supp. 189, 190 (D.V.I. 1997) (listing four factors). |
| *5th Circuit* | Drummond v. Fulton County Dep't of Family & Children's Servs., 532 F.2d 1001, 1002 (5th Cir. 1976) (citing *Beverly v. United States*, 468 F.2d 732, 741 n.13 (5th Cir. 1972)). |
| *6th Circuit* | Grutter v. Bollinger, 247 F.3d 631, 632–633 (6th Cir. 2001) (listing "familiar four factors"). |

[8] **Application of four criteria.** Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981) (movant need only present substantial case on merits when serious legal question is involved and balance of equities weighs heavily in favor of granting stay).

| | |
|---|---|
| *5th Circuit* | Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981) (movant need only present substantial case on merits when serious legal question is involved and balance of equities weighs heavily in favor of granting stay). |
| *11th Circuit* | Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) (movant may have Rule 62(c) motion granted upon lesser showing of substantial case on |

on the merits alone, without the balance of equities, will be insufficient to obtain the modification of the injunction.[9]

### [4] Appeal From Judgment Rendered by Three Judge District Court

When the judgment being appealed from was rendered by a district court of three judges specially constituted pursuant to a statute of the United States, the order under Rule 62(c) shall be made by that court sitting in open court or by the assent of all its judges, as evidenced by their signatures.[10]

---

merits when balance of equities weighs heavily in favor of granting stay).

[9] **Relief not granted.** Wildmon v. Berwick, 983 F.2d 21, 24 (5th Cir. 1992) (motion will not be granted where moving party presents substantial case on merits only; balance of equities weighs heavily in favor of lifting stay).

[10] Fed. R. Civ. P. 62(c)(1), (2).

## B. *PROPER FORUM AND EFFECT OF GRANTING OF STAY ON APPELLATE COURT POWERS*

### § 62.20 Motion for Stay Should be Filed in District Court

While the filing of an appeal confers jurisdiction upon the court of appeals, Rule 8(a) of the Federal Rules of Appellate Procedure requires that the motion for the stay first be brought in the district court.[1] A motion for a stay brought in the court of appeals based on the district court's erroneous holding that it no longer retained jurisdiction in the matter was denied without prejudice so that the petitioner could pursue the motion in the proper forum.[2] However, Rule 8 does provide that the motion may be made directly to the court of appeals when the petitioner can show that application to the district court for the relief sought is not practicable. Also, the petitioner may appeal a decision of the district court denying the relief requested when the district court has denied the application or failed to afford the relief which the applicant requested.[3]

### § 62.21 Granting of Stay Does Not Limit Appellate Court Powers

Even though the district court retains jurisdiction for Rule 62 purposes, Rule 62 does not in any way limit the power of the court of appeals. Rule 62(g) specifically states that the appellate court may stay proceedings-or suspend, modify, restore, or grant an injunction-while an appeal is pending.[1] Additionally, the appellate court may issue an order to preserve the status quo or the effectiveness of the judgment to be entered.[2]

---

[1] Fed. R. App. P. 8(a); *see* Ch. 308, *Stay or Injunction Pending Appeal.*

[2] **Case brought in wrong forum.** *See* In re Miranne, 852 F.2d 805, 806 (5th Cir. 1988) (where district court improperly denied motion for stay claiming that it lacked jurisdiction, petitioner was permitted to reassert claim in district court) (citing **Moore's**).

[3] Fed. R. App. P. 8(a); *see* Ch. 308, *Stay or Injunction Pending Appeal.*

[1] Fed. R. Civ. P. 62(g)(1).

[2] Fed. R. Civ. P. 62(g)(2).

### *C. SPECIAL CLAIMS AND PARTIES*

## § 62.30 United States Government or Agency as Party

Rule 62(e) applies in cases where an appeal is made by the United States, an officer or agency of the United States, or is directed by a department of the federal government.[1] In such a case, if the court grants a stay of judgment, no bond or other form of security will be required from the appellant.[2]

## § 62.31 Multiple Claims and Multiple Parties

Federal Rule of Civil Procedure 54(b) permits the court in cases in which more than one claim for relief is presented, to enter a judgment against fewer than all of the parties or on fewer than all the claims.[1] Rule 62(h) provides that in such a case the court may stay enforcement of any such judgment and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.[2]

## § 62.32 Applicability to Bankruptcy Cases

Although it is not specifically stated, Rule 62 has been applied in bankruptcy cases as well. However, the automatic stay provided by Rule 62 does not extend the automatic stay under bankruptcy law once a Chapter 11 case has been dismissed.[1]

---

[1] Fed. R. Civ. P. 62(e).

[2] Fed. R. Civ. P. 62(e).

[1] Fed. R. Civ. P. 54(b).

[2] Fed. R. Civ. P. 62(h).

[1] **Rule 62 does not extend bankruptcy stay.** Fish Mkt. Nominee Corp. v. Pelofsky, 72 F.3d 4, 6–7 (1st Cir. 1995) (Rule 62(a) merely stays proceedings to enforce judgment, and is not applicable after Chapter 11 case is dismissed).