**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

AMERICAN UNDERGROUND ENGINEERING, INC.,

Plaintiff,

v.

CITY OF SYRACUSE,

Defendant.

---

5:00-CV-278 (FJS/DEP)
(Lead Case)

5:99-CV-1127 (FJS/DEP)
(Member Case)

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY**
**PENDING APPEAL AND TO WAIVE SUPERSEDEAS BOND REQUIREMENT**

Date: December 7, 2011

Respectfully submitted,

s/Kevin M. Cox, Esq.
Bar No. 511991
CAMARDO LAW FIRM, PC
*Attorneys for Plaintiff.*
127 Genesee Street
Auburn, New York 13021
Tel: (315) 252-3846
Fax: (315) 252-3508
Email: kevincox@camardo.com

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES……………………………………………………………………ii

ARGUMENT…………………………………………………………………………….. …..1

I. City Cites to Irrelevant Authority and Ignores Caselaw Applying Four-Factor Stay Test………………………………………………1

II. City has Failed to Carry its Burden Justifying Stay Without *Supersedeas* Bond……………………………………………………3

III. The City is Unjustified in its *Ad Hominem* Attack………………………………5

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Brabson v. Friendship House of Western New York, Inc.,
2000 WL 1335745 (W.D.N.Y. 2000)
(copy of case attached to plaintiff's opposition)……………………………………………..1

Cayuga Nation of New York v. Pataki,
188 F.Supp.2d 223 (N.D.N.Y. 2002)……………………………………………………1, 3, 5

De La Fuente v. DCI Telecommunications, Inc.,
269 F.Supp.2d 237 (S.D.N.Y. 2003)……………………………………………………………2

Dillon v. City of Chicago,
866 F.2d 902 (7th Cir. 1988)…………………………………………………………………….3

Dotson v. City of Syracuse,
2011 WL 817499 (N.D.N.Y. 2011) (copy of case attached to brief)………………………. …..3

Federal Insurance Company v. County of Westchester,
921 F.Supp. 1136 (S.D.N.Y. 1996)…………………………………………………………...1

Harris v. Butler,
961 F.Supp. 61 (S.D.N.Y. 1997)……………………………………………………………....1

Liberty Mut. Ins. Co. v. Bankers Trust Co.,
769 F.Supp. 130 (S.D.N.Y.1991)………………………………………………………………1, 5

Lightfoot v. Walker,
797 F.2d 505 (7th Cir. 1986)……………………………………………………………………4, 5

Morgan Guaranty Trust Co. of New York v. Republic of Palau,
702 F.Supp. 60 (S.D.N.Y. 1988)………………………………………………………………1, 2

Pugach v. M&T Mortgage Corp.,
2008 WL 2640465 (E.D.N.Y. 2008) (copy of case attached to brief)…………………………2, 3

River Oaks Marine, Inc. v. Town of Grand Island,
1992 WL 406813 (W.D.N.Y. 1992) (copy provided by defendant with motion)………………..2

Wilmer v. Board of County Commissioners of Leavenworth County,
844 F.Supp. 1414 (D.Kan.1993)………………………………………………………………..4

**I. City Cites Irrelevant Authority/Ignores Caselaw Applying Four-Factor Stay Test:**

The City cites to *Moore's Federal Practice* for alleged support for its argument that the four-factor test is used "only" under Rule 62(c). However, *Moore's* does not say this at all, and the City's position is incorrect and misleading. Section 62-16, to which the City cites, is a subsection of a discussion entitled "§62.06 Suspending, Modifying or Granting *Injunctions* Pending Appeal." (emphasis added) (City Reply, Exhibit "A", Section 62.06) Section 62-16 merely states that "[t]he courts have outlined a four-part test of whether an *injunction* should be granted, amended, modified, or suspended pursuant to *Rule 62(c)*." (emphasis added) (City Reply, Exhibit "A", Section 62.16) This section of *Moore's* deals with Rule 62(c), and does not even discuss Rule 62(d) stays involving money judgments. *Moore's* discusses Rule 62(d) stays in a preceding section. (City Reply, Exhibit "A", Section 62.03) The City is attempting to confuse Rule 62(d) stays by discussing Rule 62(c) stays, and ignoring the body of caselaw in the Second Circuit which has applied the four-factor stay test to Rule 62(d) motions.

The City declares that the Southern District misapplied Hilton in FDIC v. County of Westchester[1], then incorrectly states that "AUE cites no case law from the Second Circuit applying the aforementioned four-factor test to a Rule 62(d) request." The City is correct that there is no Second Circuit Court of Appeals decision directly on point for either side of the argument. However, AUE cited several decisions from Courts within the Second Circuit where the four-factor stay test was applied on Rule 62(d) motions, to wit: Cayuga Nation of New York v. Pataki, 188 F.Supp.2d 223 (N.D.N.Y. 2002); Brabson v. Friendship House of Western New York, Inc., 2000 WL 1335745 (W.D.N.Y. 2000); Federal Insurance Company v. County of Westchester, 921 F.Supp. 1136 (S.D.N.Y. 1996); Harris v. Butler, 961 F.Supp. 61 (S.D.N.Y.

[1] The City fails to mention that in Cayuga Indian Nation, Judge McCurn cites to County of Westchester, citing Hilton, for authority that a Court "should" apply the four-factor stay test to Rule 62(d) motion. Cayuga Indian Nation v. Pataki, 188 F.Supp.2d 223, 251 (N.D.N.Y. 2002).

1997); Liberty Mut. Ins. Co. v. Bankers Trust Co., 769 F.Supp. 130 (S.D.N.Y.1991); Morgan Guaranty Trust Co. of New York v. Republic of Palau, 702 F.Supp. 60 (S.D.N.Y. 1988); and River Oaks Marine, Inc. v. Town of Grand Island, 1992 WL 406813 (W.D.N.Y. 1992) (Court considered Rule 62(b) motion, but acknowledged and recognized four-factor stay test under Rule 62(d)). The four-factor test was also applied by the Courts on Rule 62(d) motions in the following cases not cited in the AUE's opposition: De La Fuente v. DCI Telecommunications, Inc., 269 F.Supp.2d 237 (S.D.N.Y. 2003); Pugach v. M&T Mortgage Corp., 2008 WL 2640465 (E.D.N.Y. 2008). Based on the foregoing, it is apparently the City's position that not only was the County of Westchester decision wrong, but also that none of the four District Courts in New York – Southern, Eastern, Western, or Northern – have correctly applied the Hilton four-factor test when considering a Rule 62(d) stay motion.

In De La Fuente v. DCI Telecommunications, Inc., 269 F.Supp.2d 237 (S.D.N.Y. 2003), the Southern District, once again, performed the four-factor analysis when considering a motion for stay of a money judgment under Rule 62(d). The Court denied the stay without a bond and explained as follows:

> None of the four *Hilton* factors weighs in favor of granting a stay for either firm. The Court thus declines to exercise its discretion to stay the enforcement of sanctions pending appeal without a supersedeas bond. If Holzer & Holzer or Federman & Sherwood wish to stay my judgment of May 5, 2003, they may do so in the standard manner, by posting a supersedeas bond pursuant to Fed.R.Civ.P. 62(d).

De La Fuente v. DCI Telecommunications, Inc., 269 F.Supp.2d at 245.

Similarly, in Pugach v. M&T Mortgage Corp., 2008 WL 2640465 (E.D.N.Y. 2008), the Eastern District was faced with opposition from the defendant to a motion for a stay pending appeal without a bond filed by the plaintiffs. Just like AUE in the instant case, the defendants in

Pugach argued that the plaintiffs had not satisfied their burden under Rule 62(d) of demonstrating the need for a stay without posting a supersedeas bond. The Court agreed and denied the motion for a stay without bond pending appeal. Just like the City in the instant case, the Court noted in Pugach that "[p]laintiffs do not even attempt to demonstrate that any of the four factors that would justify granting a stay without requiring them to post a supersedeas bond are present." Pugach v. M&T Mortgage Corp., 2008 WL 2640465 at 2.

## II. City Has Failed to Carry its Burden Justifying Stay Without *Supersedeas* Bond:

Not only has the City failed to demonstrate entitlement to a stay, but it has also failed to carry its burden of "'objectively demonstrat[ing]' the reasons why the court should 'depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment." See Cayuga Nation of New York, 188 F.Supp.2d at 255. Notably, Judge Mordue recently denied a Rule 62(d) motion by the City of Syracuse to deviate from the usual requirement of a full *supersedeas* bond. See Dotson v. City of Syracuse, 2011 WL 817499 (N.D.N.Y. 2011). Here, the City has, once again, failed to carry its burden justifying its request for the Court to deviate from the usual rule requiring a full supersedeas bond[2].

*Moore's Federal Practice*, to which the City cites, states that *supersedeas* bond may be waived under Rule 62(d) "[i]n cases where the appealing party is highly solvent *and* it appears that payment can be made quickly after a loss on appeal, the court has readily decided to waive this requirement," and cites to the Dillon v. City of Chicago decision noting "where appealing party proved that payment upon loss of appeal would be made **within thirty days from guaranteed source**, court's decision to waive bond requirement upheld." (emphasis added) (City Reply, Exhibit "A", §§62-10, 62-11) *Moore's* also notes that the bond requirement has also been

[2] The City provides no support or explanation for its alternative position of a *supersedeas* bond set at 10% of the principal judgment amount.

waived in "cases where the judgment is so large that requiring the appealing party to post a bond would jeopardize the rights of the appealing party's other creditors," and "when the appealing party is the United States government or an agent of the government." (City Reply, Exhibit "A", §§62-10, 62-11)

Here, the City claims that it is not a "fly-by-night private company," it is able to generate tax revenue, and there is no record it has failed to pay a previous judgment. However, none of these factors are relevant when a Court is asked to waive the requirement for a *supersedeas* bond. The City has presented no proof that a guaranteed fund exists from which the judgment will be paid, that the judgment will be paid within thirty days, that posting a bond would jeopardize its other creditors, or that it is the United States government or an agent thereof. As such, there is no authority, under the circumstances, for the Court to waive the bond requirement. The City has failed to cite to any authority where a Court waived the bond requirement for a municipality solely because it claimed it could raise the money at some uncertain time in the future to pay the judgment. Faced with a similar argument, the Court in Wilmer v. Board of County Commissioners of Leavenworth County, 844 F.Supp. 1414 (D.Kan.1993) denied a motion to waive the bond requirement, noting that the County failed to carry its burden. According to the Court, having taxing authority and the ability to raise money does not alone justify waiving the bond requirement. Wilmer, 844 F.Supp. at 1419. The Court further noted that "it is likely that considerable time will be needed to raise the funds, and "there is no indication that the requirement to post a bond will place the County's other creditors in an insecure position." Id.

In Lightfoot v. Walker, 797 F.2d 505 (7th Cir. 1986), faced with similar circumstances to the instant case, the Seventh Circuit denied an application to for stay without a bond filed by the

State of Illinois. As the Court noted, "[t]he fact that the state has the financial wherewithal to pay a judgment for $700,000 can be of little solace to the plaintiffs when the state does not contest…that the procedure for collecting a judgment against the state is not only cumbersome and time-consuming, but uncertain in outcome, since the judgment cannot be paid unless and until the state legislature votes to appropriate the money necessary to pay it." Lightfoot v. Walker, 797 F.2d at 506-507. The Court also noted that "[i]f the State of Illinois had some revolving fund out of which it paid judgments, there might be no need for a bond…" Lightfoot v. Walker, 797 F.2d at 507.

## III. The City is Unjustified in its *Ad Hominem* Attack:

In its Reply, the City's attorney states that "[t]here is no principled reason for American Underground Engineering, Inc. ("AUE") to oppose the City of Syracuse's motion asking the Court to excuse the requirement of a *supersedeas* bond." (Reply pg. 1) There is no reason why AUE or its counsel should be attacked by counsel as unprincipled because they seek to protect AUE's judgment in accordance with the law. This Court has stated that the purpose of the *supersedeas* bond is, in part, to protect "an appellee's rights and ability to collect the judgment." Cayuga Nation of New York, 188 F.Supp.2d at 254. The principle that AUE seeks to uphold by opposing the City's motion is protection of its rights and ability to collect the judgment. Rule 62(d) recognizes the importance of this principle by requiring a supersedeas bond pending appeal. This is the guiding principle and "usual rule" when Courts consider a stay pending appeal without a *supersedeas* bond under Rule 62(d). See Liberty Mutual Ins. Co. v. Bankers Trust Co., 769 F.Supp. 130, 132 (S.D.N.Y. 1991).

Date: December 7, 2011

Respectfully submitted,

s/Kevin M. Cox, Esq.
Bar No. 511991

CAMARDO LAW FIRM, PC
*Attorneys for American*
*Underground Engineering, Inc.*
127 Genesee Street
Auburn, New York 13021
Tel: (315) 252-3846
Fax: (315) 252-3508